| | |
|---|---|
| **UNITED STATES DISTRICT COURT**<br>**EASTERN DISTRICT OF LOUISIANA** | **CIVIL ACTION:** _____ |
| **BIONCA FLEURY**<br>**VERSUS**<br>**SODEXO, INC.** | **JUDGE:** _____<br><br>**MAGISTRATE:** _____ |
| | **JURY TRIAL REQUESTED** |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## TABLE OF CONTENTS

| | **PAGE** |
|---|---|
| NATURE OF ACTION | 2 |
| PARTIES | 2 |
| JURISDICTION AND VENUE | 2 |
| FACTUAL ALLEGATIONS | 3 |
| STATEMENT FOR RELIEF | 5 |
| CAUSE OF ACTIONS | 7 |
| PRAYER FOR RELIEF | 10 |

## COMPLAINT

**BIONCA FLEURY,** through the undersigned, for her Complaint herein against SODEXO, INC.(hereinafter referred as "Sodexo"), who alleges as follows:

## NATURE OF ACTION

This action arises under the United States Constitution. Specifically, the action arises under Race Discrimination (Title VII of the Civil Rights Act of 1964) and Equal Pay Act, et seq., in addition to several state law causes of actions alleged herein. This action is also brought under the Louisiana Employment Discrimination Law (R.S. 23:301 et seq.), the Louisiana Whistleblower Law Revised Statute 23:967 and under the Louisiana State Constitution. This action is also brought under the general tort principles set forth in the Louisiana Civil Code, including without limitation, Articles 2315 and common law tort principles adopted by Louisiana courts.

1. Defendant's actionable conduct and omission of corrective action in connection with wrongful termination, race discrimination and violation of the Equal Pay and Civil Rights Act of 1964, and retaliation therefrom.

## Parties

2. The PLAINTIFF, BIONCA FLEURY, is a resident of the UNITED STATES and of NEW ORLEANS, LOUISIANA and is and was, at all times relevant herein a resident of the parish of ORLEANS, STATE OF LOUISIANA. All actions committed against the plaintiff were conducted in ORLEANS, LOUISIANA.

3. The DEFENDANT, SODEXO, INC. is a Corporation (Non-Louisiana), with its domicile in WILMINGTON, DELAWARE and its principal business office in GAITHERSBURG, MARYLAND.

## JURISIDCTION AND VENUE

4. Jurisdiction of this matter is based upon diversity of citizenship, 28 U.S.C. 1332, (a)(1) and the matter in controversy, exclusive of interest and cost, far exceeds the sum of $75,000. Supplemental jurisdiction is conferred upon this court over the state claims pursuant to 28 U.S.C. § 1367(a).

5. Jurisdiction of this matter is also based upon federal question because this action has arisen under the laws of the United States pursuant Title VII of the Civil Rights Act and Equal Pay Act.

2

6. Jurisdiction and venue are proper in that all acts and omissions complained herein occurred in the Orleans Parish, State of Louisiana.

7. Named Defendant is justly and truly indebted to petitioners, BIONCA FLEURY.

## FACTUAL ALLEGATIONS

8. On or about September of 2017, Bionca Fleury, an African American female, was hired by Sodexo as a receptionist, at a pay rate of $12.00 per hour.

9. Fleury successfully worked for Sodexo for approximately two and a half years, without any problems, until November 22, 2019.

10. On November 22, 2019, Fleury was, without any previous warning or previous notice, abruptly suspended from her position. Sodexo identified that Fleury was suspended pending an investigation after her Caucasian co-worker (Sama Arthur) complained that Fleury had subjected her to profanity and bullying language.

11. Ms. Arthur falsely alleged that Fleury's conduct was ongoing since her employment began a month earlier in October of 2019. However, Ms. Arthur never made any previous allegations against Fleury before this time.

12. It is important to note that, Ms. Arthur's credentials to fully be in the system, have access to computer operations, and fully perform her job duties was finalized the day before Ms. Arthur's alleged allegations against Fleury and Fleury suspension, on or about November 21, 2019.

13. Ms. Arthur was hired at a pay rate greater than that of Fleury for the same position as Unit Clerical. Specifically, Ms. Arthur was hired at a pay rate of $16.50 per hour, while Fleury was previously promoted in March of 2018 and assigned a pay rate of $15 per hour for the same position of which Fleury had been performing for several months.

14. Prior to the aforementioned allegations, Fleury had been assigned to train Ms. Arthur for the position of a Unit Clerical. Moreover, Fleury had been promised by her supervisor, Henry Schiro, that she would be promoted to a more superior position over Ms. Arthur, upon completion of Ms. Arthur being hired.

15. As no action was taken to promote Fleury to the superior position promised and after Fleury inquired with her supervisor, approximately one week before Fleury's suspension, Fleury contacted Sodexo company's 1-800 number and expressed her concern regarding the delay in her promotion and job classification. Moreover, Fleury had informed human resources that her payroll check was incorrect and not reflecting the correct payment.

16. Consequently, Fleury was later informed that she did not qualify for the promotion because she lacked the requisite time of employment to qualify for the position. Specifically, Fleury learned that the requisite period was two years. Accordingly, Fleury informed the company that she had, in fact, been employed longer than 2 years. However, Fleury received no further response as to this discrepancy.

17. The next course of action taken by Sodexo was Fleury being informed that she was being suspended for allegedly using profanity and bullying language in the workplace. Fleury categorically denies any and all allegations to this regard as false, defamatory, discriminatory, and in retaliation of her inquiry into a protected activity.

18. Prior to Fleury suspension, she had recently received a favorable evaluation reflecting no such allegations or any other adverse allegations against Fleury.

19. Consequently, Fleury was escorted off the premises by security personnel and was unable to gather some of her personal items at the direction of the company management. Fleury was advised that there was no need to gather all her things because she would be back after the investigation was concluded.

20. Subsequently, on or about December 5, 2019, Fleury was terminated from Sodexo.

21. Consequently, upon Fleury's termination, she was replaced by Ms. Arthur, who is a Caucasian female.

22. Fleury believes that all of the above-mentioned actions taken by Sodexo were in retaliation for her inquiries about pay rate, job classification, promotion, and contacting the company's 1800 number.

23. Moreover, Fleury believes that she was discriminated against based upon her race since other similarly situated Caucasian employees were treated more favorably than Fleury. Specifically, Ms. Arthur was hired at a greater pay rate than that of Fleury for the same position and Ms. Arthur replaced Fleury after she was terminated based on false allegations allegedly asserted by Ms. Arthur against Fleury.

24. All exhaustive remedies have been satisfied as they relate to the allegations in this complaint. Specifically, Fleury timely filed a complaint with the EEOC asserting all claims alleged herein on March 23, 2020.

25. Subsequently, on or about September 23, 2021, the EEOC mailed its right to sue letter to Fleury as confirmed by the United States Postal Service stamped envelope in which the aforementioned letter was enclosed, and it was received by Fleury on or about September

29, 2021. Moreover, Fleury timely filed instant suit on December 22, 2021, within the requisite 90 days of receipt of the aforementioned EEOC right to sue letter, which was dated date August 26, 2021.

## STATEMENT OF RELIEF

### (Federal Equal Pay Act (EPA))

26. Plaintiffs incorporate by reference the following allegations.

27. Defendant has engaged in intentional race wage discrimination in the terms and conditions of the Plaintiff's employment, including, but not limited to, the Plaintiff's wrongful retaliatory termination.

28. Defendant has discriminated against Plaintiff by subjecting her to unequal pay on the basis of race.

29. Defendant has discriminated against Plaintiff by treating her differently from and less preferably than similarly situated Caucasian employees who performed jobs requiring equal skill, effort, and responsibility, and which were performed under similar working conditions. Defendant also discriminated by subjecting Fleury to less (discriminatory) pay and benefits in violation of Equal Pay Act.

30. Defendant's discriminatory conduct, in violation of The Equal Pay Act of 1963, has caused the Plaintiff to suffer harm, including but not limited to, a loss of pay, benefits, other financial loss and prestige.

31. Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling her to compensatory damages pursuant to 42 U.S.C. § 1981(a).

32. Defendants have engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's protected rights, thereby entitling her to punitive damages pursuant to 42 U.S.C. § 1981(a).

33. Plaintiff should be awarded all legal and equitable remedies, including underpaid wages, double compensatory awards for all willful violations and reasonable attorneys' fees under 29 U.S.C. § 216, et seq.

34. As a direct and proximate result of the defendants' violation of the Equal Pay Act, the plaintiff was injured and damaged.

35. WHEREFORE, Plaintiff, BIONCA FLEURY prays judgment against defendants in an amount exceeding $75,000, for punitive damages, for aggravating circumstances damages, and for costs, prejudgment and post-judgment interest, and further relief as the Court deems just and proper.

### FEDERAL EQUAL PAY ACT- RETALIATION

36. Plaintiff incorporates by reference the following allegations.

37. Plaintiff alleges that she suffered retaliation and harm because of her protected activity. As a result of Defendant's willful retaliation, Plaintiff has suffered and continues to suffer materially adverse harm, including but not limited to loss wages and benefits, diminished employment opportunities, and humiliation, embarrassment, emotional and physical distress, and mental anguish.

38. By reason to Defendant's retaliation, Plaintiff is entitled to all remedies available for violation of the anti-retaliation provision of the Equal Pay Act, as incorporated into the Fair Labor Standards Act, including punitive and compensatory damages.

39. Reasonable attorneys' fees should be awarded under 29 U.S.C. § 216(b).

40. As a direct and proximate result of the defendants' violation of the Race Discrimination in Employment Act of 1967, the plaintiff was injured and damaged.

41. WHEREFORE, Plaintiff, BIONCA FLEURY prays judgment against defendants in an amount exceeding $75,000, for punitive damages, for aggravating circumstances damages, and for costs, prejudgment and post-judgment interest, and further relief as the Court deems just and proper.

### Title VII of the Civil Rights Act of 1964

42. The foregoing paragraphs are re-alleged and incorporated by reference as though fully set forth herein.

43. It is unlawful discrimination in employment for an employer to engage in any of the following practices:

> (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or

(2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin.

44. WHEREFORE, Plaintiff, BIONCA FLEURY prays judgment against defendants in an amount exceeding $75,000, for punitive damages, for aggravating circumstances damages, and for costs, prejudgment and post-judgment interest, and further relief as the Court deems just and proper.

## CAUSE OF ACTIONS

### LOUISIANA EMPLOYMENT DISCRIMINATION LAW (LEDL)
### LA REVISED STATUTE 23:301, ET SEQ.

45. The foregoing paragraphs are re-alleged and incorporated by reference as though fully set forth herein.

46. It is unlawful discrimination in employment for an employer to engage in any of the following practices:

    (2) Intentionally fail or refuse to hire or to discharge any individual, or otherwise to intentionally discriminate against any individual with respect to his compensation, or his terms, conditions, or privileges of employment, because of the individual's race, color, religion, sex, or national origin.

47. Sodexo's conduct alleged above constitutes discrimination based on race discrimination in violation of LEDL and Title VII. Ms. Fleury was treated differently than other Caucasian employees who were similarly situated.

48. WHEREFORE, Plaintiff, BIONCA FLEURY prays judgment against defendants in an amount exceeding $75,000, for punitive damages, for aggravating circumstances damages, and for costs, prejudgment and post-judgment interest, and further relief as the Court deems just and proper.

### REPRISAL FOR ENGAGING IN PROTECTED ACTIVITIES
### RETALIATION AGAINST BIONCA FLEURY LOUISIANA WHISTLEBLOWER LAW
### LA REVISED STATUTE 23:967, ET SEQ.

49. The foregoing paragraphs are re-alleged and incorporated by reference as though fully set forth herein.

50. It is unlawful discrimination in employment for an employer to engage in any of the following practices:

    A. An employer shall not take reprisal against an employee who in good faith, and after advising the employer of the violation of law: (1) Discloses or threatens to disclose a workplace act or practice that is in violation of state law; or

    B. Objects to or refuses to participate in an employment act or practice that is in violation of law.

51. BIONCA FLEURY, in following company policy, was retaliated against as a result of inquiring on a job classification she had been promised and after calling the Sodexo company's 1-800 number and reporting her concerns regarding the same she was suspended and ultimately terminated. Moreover, the stated reasons for Sodexo's retaliatory conduct were not the true reasons, but instead were pretext to hide Sodexo's retaliatory animus.

52. Sodexo's conduct alleged above constitutes reprisal, in violation of Louisiana Whistleblower Law Revised Statute 23:967, against BIONCA FLEURY based upon his disclosing various workplace acts that were in violation of state law.

53. WHEREFORE, Plaintiff, BIONCA FLEURY prays judgment against defendants in an amount exceeding $75,000, for punitive damages, for aggravating circumstances damages, and for costs, prejudgment and post-judgment interest, and further relief as the Court deems just and proper.

**DEFAMATION BY INNUENDO**

54. The foregoing paragraphs are re-alleged and incorporated by reference as though fully set forth herein.

55. Sodexo's is liable for providing false statements to other employees of Sodexo which were clearly intended to result in false and defamatory innuendo.

56. As a direct and proximate result of the above referenced false and defamatory statements, Ms. Fleury's WHEREFORE, Plaintiff, BIONCA FLEURY prays judgment against defendants in an amount exceeding $75,000, for punitive damages, for aggravating circumstances damages, and for costs, prejudgment and post-judgment interest, and further relief as the Court deems just and proper.

reputation has suffered irreparable and incalculable harm.

## DEFAMATION PER SE

57. The foregoing paragraphs are re-alleged an incorporated by reference as though fully set forth herein.

58. Sodexo is also liable for making certain false statements to other Sodexo employees while abusing the power it possesses to refuse to address and correct concerns of state law violations with respect to company policies and procedures and participating and inciting other employees to participate in intentional acts that further purport the false statements for the purpose of irreparably maligning Ms. Fleury's' character and reputation.

59. As a direct and proximate result of the above referenced false and defamatory statements, Ms. Fleury's' personal reputation has suffered irreparable and incalculable harm.

60. WHEREFORE, Plaintiff, BIONCA FLEURY prays judgment against defendants in an amount exceeding $75,000, for punitive damages, for aggravating circumstances damages, and for costs, prejudgment and post-judgment interest, and further relief as the Court deems just and proper.

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS LOUISIANA CIVIL CODE ART. 2315 ET SEQ.

61. The foregoing paragraphs are re-alleged and incorporated by reference as though fully set forth herein.

62. Sodexo's conduct, as set forth above, has been reckless, extreme and outrageous, beyond all possible bounds of human decency, and utterly intolerable in a legal and civilized society and work environment. BIONCA FLEURY has suffered and continues to suffer severe emotional distress as a result of Sodexo's extreme, outrageous and reckless conduct, and Sodexo desired to inflict severe and deliberating emotional distress or knew that severe emotional distress would be certain or substantially certain to result from its conduct.

63. Defendant's actions have caused BIONCA FLEURY to suffer mental and emotional distress, entitling her to compensatory damages pursuant to Title VII of Civil Rights Act and other discriminatory federal and state laws identified herein.

64. WHEREFORE, Plaintiff, BIONCA FLEURY prays judgment against defendants in an amount exceeding $75,000, for punitive damages, for aggravating circumstances damages, and for costs, prejudgment and post-judgment interest, and further relief as the Court deems just and proper.

### **DEMAND FOR PUNITIVE DAMAGES**

65. Plaintiff is entitled to an award of punitive damages against Sodexo for its knowing intentional, malicious acts, or in the alternative, for its outrageous and reckless disregard of, and indifference to the rights of Ms. Fleury.

### **DEMAND FOR ATTORNEY'S FEES AND COSTS**

66. Ms. Fleury is entitled to an award of all costs, including reasonable attorney's fees pursuant to all statements of relief and causes of actions stated herein.

### **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that upon a trial hereof they be granted judgment against all named Defendant(s) as follows:

A. Damages as allowed on each claim for relief and cause of action in an amount equal to their damages sustained, such amount being in excess of the current minimum required for federal court jurisdiction according to proof at the time of trial;
B. Punitive, Compensatory and exemplary damages;
C. All together with any interest, pre- and post-judgment, costs and disbursements; and attorney fees;
D. Such other and further relief available under the law and this Court deems just and proper.

**FURTHER**, Plaintiff prays that the exact nature and extent of Plaintiff's damages have yet to be calculated, and Plaintiff will seek leave of Court to amend this complaint to conform to proof at the time of trial.

**FURTHER**, Plaintiff prays that a jury trial is granted in this matter.

Respectfully,

s/JP Gorham

_____

JP Gorham (Bar #31746)
JP GORHAM Attorney At Law, LLC
PO Box 86928
Baton Rouge, LA 70879
225-341-5939 Office
504-957-3551 Direct