UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BIONCA FLEURY | CIVIL ACTION |
| VERSUS | NO. 21-2373 |
| SODEXO, INC. | SECTION "R" (4) |

## ORDER AND REASONS

Before the Court is the defendant's motion to dismiss several of plaintiff's claims pursuant to Fed. R. Civ. P. 12(b)(6).[1] Plaintiff opposes defendant's motion.[2]  For the following reasons, the Court grants defendant's motion to dismiss.

## I.   BACKGROUND

This case arises out of an employment dispute between plaintiff and defendant.  Bionca Fleury, a black woman, worked for defendant from September 5, 2017 until December 5, 2019.[3]  She began as a receptionist and was later promoted to "unit clerical" in 2018.[4]  On November 22, 2019, plaintiff was suspended from her position pending

---

1  R. Doc. 8.
2  R. Doc. 16.
3  *See generally* R. Doc. 1 at 3-5 (Complaint ¶¶ 8-25).
4  *Id.* at 3 (Complaint ¶ 13).

investigation after her white co-worker, Sama Arthur, complained to their employer that plaintiff subjected her to demeaning language and inappropriate behavior.[5] After the investigation concluded, Fleury was terminated on December 5, 2019.[6]

Fleury contends that her employer's conduct was in violation of Louisiana and federal law. She alleges that Arthur lied to their employer about both the conduct underlying the complaint as well as its characterization as an ongoing issue.[7] Fleury also alleges that she was discriminated against on the basis of race because Arthur, a white woman,[8] was hired at a pay rate of $16.50 per hour in October of 2019 despite Fleury's holding the same position for a significantly longer time period at a rate of only $15 an hour. Further, Fleury alleges that she was promised a promotion upon completion of Arthur's hiring that never came to fruition.[9] Fleury asserts that, upon seeking an answer for why she was never promoted despite management's promise, she was told that she had not worked for defendant long enough to qualify

---

[5]   Id. at 4 (Complaint ¶¶ 17-19).
[6]   Id.
[7]   Id. at 4 (Complaint ¶ 23).
[8]   Id.
[9]   Id. at 4-5 (Complaint ¶ 14-17).

for a raise.[10] But she contends that the period to qualify for a raise was two years, and she had worked for defendant for over two years.[11] Fleury alleges that she was then terminated in retaliation for her inquiry into her promised promotion.[12] Fleury was then replaced by Arthur.[13] On March 23, 2020 Fleury filed a complaint with the Equal Employment Opportunity Commission ("EEOC"). She subsequently received a "right to sue" letter from the EEOC on September 29, 2021, and sued defendant for violations of federal and state anti-discrimination laws in this Court on December 22, 2021.[14]

Now, defendant moves to dismiss plaintiff's Equal Pay Act claim for failure to state a cause of action and plaintiff's state law claims as time-barred pursuant to Fed. R. Civ. P. 12(b)(6). In her opposition, plaintiff asserts that the Court should equitably toll the prescriptive period because the COVID-19 pandemic prevented her from filing her complaint in time.[15] She concedes that she has not asserted a cause of action for the Equal Pay Act claim.[16]

---

10  *Id.*
11  *Id.*
12  *Id.*
13  *Id.* at 5 (Complaint ¶ 21).
14  R. Doc. 1.
15  R. Doc. 13.
16  *Id.* at 4-5.

The Court considers the motion below.

## II. LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. The Court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 239, 244 (5th Cir. 2009). But the Court is not bound to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.

On a Rule 12(b)(6) motion, the Court must limit its review to the contents of the pleadings, including attachments. *Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014). The Court may also consider documents attached to a motion to dismiss or an opposition to that motion when the documents are

4

referred to in the pleadings and are central to a plaintiff's claims. *Id.* "In addition to facts alleged in the pleadings, however, the district court 'may also consider matters of which [it] may take judicial notice.'" *Hall v. Hodgkins*, 305 F. App'x 224, 227 (5th Cir. 2008) (citing *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017-18 (5th Cir. 1996)).

## III. DISCUSSION

### A. The Equal Pay Act Claim

Defendant moves to dismiss Fleury's Equal Pay Act claim under Rule 12(b)(6). Relevant to defendant's motion, 29 U.S.C § 206(d) prohibits wage discrimination "on the basis of sex." Here, plaintiff has not alleged such discrimination. Rather, her claims stem from alleged *racial* discrimination. Indeed, the comparator plaintiff points to as proof of disparate treatment is a white *woman*. Plaintiff does not contest defendant's assertion that this claim should be dismissed.[17] Accordingly, the Court grants defendant's motion as to the Equal Pay Act Claim.

But the parties dispute whether the claim should be dismissed with prejudice. The Court should "freely give" leave to amend "when

---

[17]  R. Doc. 16.

justice so requires." Fed. R. Civ. P. 15(a)(2); *Leal v. McHugh*, 731 F.3d 405, 417 (5th Cir. 2013). When deciding whether leave to amend should be given, the Court considers several factors, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of the amendment." *Forman v. Davis*, 371 U.S. 178, 182 (1962). The Court finds that amendment would be futile here, as plaintiff does not contest her failure to state a claim and does not assert that any wage discrimination on the basis of sex took place. Plaintiff's contention that her claim should be dismissed without prejudice to reassert it should discovery yield evidence of gender discrimination effectively asks the Court to bless a fishing expedition. The Court will not entertain plaintiff's request for leave to reassert the Equal Pay Act claim, which she had no good faith basis to file, pending unforeseen discovery. She makes no showing that she has a "reasonably founded hope that the discovery process will reveal relevant evidence." *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 347 (2005) (quoting *Blue Chip Stamps v. Manor Drug Stores*, 421 U.S.

6

723, 741, 95 S. Ct. 1917, 1928, 44 L. Ed. 2d 539 (1975)). The Equal Pay Act claim is dismissed with prejudice.

### B. Facially Prescribed State Law Claims

Defendant also moves to dismiss plaintiff's state law claims on the basis that they are prescribed. The Louisiana Employment Discrimination Law, La. R.S. 23:301, *et seq.*, provides a one-year prescriptive period, although that period "shall be suspended during the pendency of any administrative review or investigation of the claim conducted by the federal Equal Employment Opportunity Commission" for a period not to exceed six months. La. R.S. 23:303(D). Thus, there is "a maximum prescriptive period of eighteen months for claims based on violations of [ La. R.S. 23:301]." *Riggs v. DXP Enterprises, Inc.*, No. 18-729, 2019 WL 310053, at *5 (W.D. La. Jan. 8, 2019); *see also Snow v. Cracker Barrel Old Country Store, Inc.*, No. 15-2375, 2015 WL 5276772, at *2 (E.D. La. Sept. 8, 2015) ("In application, [La. R.S. 23:303(D)] requires a plaintiff to bring his LEDL claim within a maximum of eighteen months from the day he learns of the conduct creating his grievance"). The Louisiana Whistleblower Law, La. R.S. 23:967, *et seq.*, "does not specifically set out a

7

prescriptive period so the general one-year prescriptive period for delictual actions applies." *Bowie v. Hodge*, No. 20-2441, 2021 WL 53312, at *8 (E.D. La. Jan. 6, 2021) (citing *Langley v. Pinkerton's Inc.*, 220 F.Supp.2d 575, 581 (M.D. La. 2002)). The rest of plaintiff's tort claims "are subject to a liberative prescription of one year, which commences to run from the day injury or damage is sustained." *Butler v. Denka Performance Elastomer, LLC*, 16 F.4th 427, 437-38 (5th Cir. 2021) (citing La. Civ. Code art. 3492).

Generally, the party asserting prescription has the burden of proof at trial. But if prescription is revealed to have run on the face of plaintiff's complaint, the burden shifts to plaintiff to show that her claim is not prescribed. *Wimberly v. Gatch*, 635 So. 2d 206, 211 (La. 1994); *Winstead v. Ga. Gulf Corp.*, 77 Fed. App'x 267, 272 (5th Cir. 2003); *see also Netherland v. Ethicon, Inc.*, 813 So.2d 1254, 1261 (La. App. 2 Cir. 2002) ("When the plaintiff's claim is prescribed on its face and the plaintiff asserts the doctrine of *contra non valentem*, the plaintiff is required to prove the facts establishing *contra non valentem*."). Here, it is apparent from the face of plaintiff's complaint that the relevant state law claims are prescribed. Plaintiff was terminated on December 5, 2019. Her claims therefore prescribed one

8

year later, except for the Louisiana employment discrimination claim, which prescribed in June of 2021. But she waited until December 22, 2021 to file her complaint, over two years after her termination and the alleged wrongful conduct, rendering the claims time-barred.

Plaintiff asks the Court to equitably toll the prescriptive period for her state law claims. Fleury contends that the COVID-19 pandemic prevented her from filing her complaint until December of 2021, and that therefore she is entitled to equitable tolling. Because the Court must apply Louisiana law in adjudicating these claims, *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938), the Court looks to state law on prescription and tolling, *Beavers v. Metro. Life Ins. Co.*, 566 F.3d 436, 439 (5th Cir. 2009) (citing *Guaranty Trust Co. v. York*, 326 U.S. 99, 111-12 (1945)). *See also Albano v. Shea Homes Ltd. P'ship*, 634 F.3d 524, 530 (9th Cir. 2011) ("Federal courts must abide by a state's tolling rules, which are integrally related to statutes of limitations."); *Hayes v. United States*, No. 17-3841, 2018 WL 705876, at *2 (E.D. La. Feb. 5, 2018) ("When a federal court exercises either diversity or supplemental jurisdiction to adjudicate state law claims, state substantive law and federal procedural law apply to those claims . . . [including] prescriptive statutes and their exceptions.").

9

In Louisiana, *contra non valentem* is the legal doctrine whereby prescriptive periods may be tolled due to a plaintiff's inability to file an action through no fault of her own. *Crane v. Childers*, 655 F. App'x 203, 204 (5th Cir. 2016) (citing *Corsey v. Louisiana*, 375 So.2d 1319, 1321 (La. 1979)); *see also Ashton v. United Parcel Serv.*, 147 So. 3d 748, 752 (La. App. 1 Cir. 2014) ("In Louisiana, the doctrine of *contra non valentem* is a jurisprudential doctrine under which prescription on a cause of action may be suspended."). But this exception to prescription "is to be applied only in exceptional circumstances." *Felix v. Safeway Ins. Co.*, 183 So. 3d 627, 635 (La. App. 4 Cir. 2015) (citing *Marin v. Exxon Mobil Corp.*, 48 So.3d 234, 245 (La. 2010)). Specifically, there are four situations where the doctrine may apply:

> (1) Where there was some legal cause which prevented the courts or their officers from taking cognizance of or acting on the plaintiff's action;
>
> (2) Where there was some condition coupled with a contract or connected with the proceedings which prevented the creditor from suing or acting;
>
> (3) Where the debtor himself has done some act effectually to prevent the creditor from availing himself of his cause of action;
>
> (4) Where the cause of action is not known or reasonably knowable by the plaintiff, even though his ignorance is not induced by the defendant.

10

*Fontenot v. ABC Ins. Co.*, 674 So. 2d 960, 963 (La. 1996) (citing *Rajnowski v. St. Patrick's Hospital*, 564 So. 2d 671, 674 (La.1990)). Relevant to the present dispute, "the first category . . . encompasses circumstances in which courts must close following a natural disaster." *Anding o/b/o Anding v. Ferguson*, 342 So. 3d 1138, 1150. (La. App. 2 Cir. 2022) (citing *Felix*, 183 So. 3d at 633). A pandemic could fall under this category. *See id.* (holding that the first category of *contra non valentem* covers "war, flood, hurricane, epidemic, strike, profound illness, [and the like]."). But the "the mere occurrence of a catastrophe 'does not suffice to invoke the maxim [*contra non valentem*].'" *Felix*, 183 So. 3d at 635 (quoting Benjamin West Janke and Francois-Xavier Licari, *Contra Non Valentem in France and Louisiana: Revealing the Parenthood, Breaking A Myth*, 71 La. L. Rev. 503, 516 (2011)). Rather, "the impossibility of acting must be absolute." *Id.*

Here, Fleury has failed to show that COVID-19 made it impossible for her to timely pursue her claims. While COVID-19 "impacted the manner by which courts and law offices conducted business," this did not mean "that courts were completely shut down, preventing any access to them." *Ferguson*, 342 So. 3d at 1150. To be sure, Louisiana did extend legal deadlines, including prescription, for

11

nearly four months during the Spring of 2020 pursuant to Governor John Bel Edwards' Proclamations JBE-2020-30, JBE-2020-41, JBE-2020-52, and JBE-2020-59. But Louisiana legislation has made clear that plaintiff's claims are not subject to those suspensions, as they applied only to claims that prescribed between March 17, 2020, and July 5, 2020. *See* La. R.S. 9:5829. Moreover, Fleury filed her complaint with the EEOC on March 23, 2020, ten days after the President declared a national emergency due to the pandemic. *See* Exec. Office of Pres., *Declaring a National Emergency Concerning the Novel Coronavirus Disease (COVID-19) Outbreak*, 85 Fed. Reg. 15,337, 15,337 (Mar. 13, 2020). The Court finds no merit in the assertion that COVID-19 made it impossible for plaintiff to file this action in a timely manner while she was perfectly able to file an EEOC complaint during the pandemic.

Plaintiff also appears to assert that the Court should toll the prescriptive period for her claims because she did not receive a right to sue letter from the EEOC until September 29, 2021. This contention is contrary to settled law. The Fifth Circuit has made clear that the filing of an EEOC charge "does not toll, interrupt, or suspend prescription with regard to a plaintiff's state law claims." *Fussell v. Bellsouth*

12

*Commc'ns, Inc.*, No. 96-1660, 1998 WL 12229, at *2 (E.D. La. Jan. 8, 1998) (citing *Taylor v. Bunge Corp.*, 775 F.2d 617 (5th Cir.1985)); *see also Rivera v. Louisiana*, No. 04–3327, 2006 WL 901826, at *6 (E.D. La. Mar. 31, 2006) (collecting cases). Here, "nothing prevented plaintiff from filing her action in state court and obtaining a stay while pursuing her Title VII administrative remedies." *Rivera*, 2006 WL 901826, at *6; *see also Lefort v. Lafourche Par. Fire Prot. Dist. No. 3*, 39 F. Supp. 3d 820, 826 (E.D. La. 2014) (holding that plaintiff "could have filed his action in state court and obtained a stay while pursuing his ADA remedies." (citing *Rivera*, 2006 WL 901826, at *6)).

Further cutting against plaintiff's narrative is the fact that Fleury is not a pro se litigant. Even if COVID-19 made it more difficult to commence a lawsuit, Fleury was represented by counsel who could have easily filed the complaint electronically—as they did in December of 2021. Indeed, the Court received electronic filings throughout the prescriptive period for plaintiff's claims. There is simply no basis for a finding that it was impossible for plaintiff to timely file her complaint due to the pandemic. *Cf. Wimberly v. Gatch*, 635 So. 2d 206, 211 (La. 1994) (stating that tolling is required where "plaintiff was effectually prevented from enforcing his rights for reasons external to his own

13

will."). *Contra non valentem* does not suspend prescription when, as here, "a litigant is perfectly able to bring [her] claim, but fails or refuses to do so." *Bradley v. Sheriff's Dep't St. Landry Par.*, 958 F.3d 387, 394 (5th Cir. 2020). Plaintiff's state law claims are prescribed and therefore dismissed with prejudice.

## IV. CONCLUSION

For all of the foregoing reasons, defendant's motion is GRANTED. Plaintiff's Equal Pay Act and state law claims are DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this __8th__ day of December, 2022.

*Sarah Vance*
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE