UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **BIONCA FLEURY** | * | **CIVIL ACTION NO.** |
| | * | **2:21-cv-02373** |
| **VERSES** | * | |
| | * | **Judge Sarah S. Vance** |
| **SODEXO, INC.** | * | |
| | * | **Mag. Judge Karen Wells Roby** |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM IN SUPPORT OF
## MOTION TO COMPEL RESPONSES TO DISCOVERY REQUESTS

Sodexo, Inc.[1] ("Sodexo") submits this memorandum in support of its motion to compel Plaintiff Bionca Fleury to provide immediate responses to the discovery Sodexo first sent to her on December 1, 2022, <u>over five months ago</u>. To date, Plaintiff has not responded at all to this written discovery; in fact, she has refused to even provide signed authorizations so that Sodexo could begin obtaining records from third parties. Plaintiff should be ordered to immediately respond to Sodexo's written discovery, sign the routine authorizations, and reimburse Sodexo for its reasonable attorney's fees incurred in preparing and filing this motion.

I.  **BACKGROUND**

   a. **Plaintiff Has Refused to Engage Appropriately With Sodexo Regarding Discovery.**

Sodexo first sent its written discovery requests to Plaintiff on <u>December 1, 2022</u>. *See* Exhibit A. On December 5, 2022, Sodexo requested that Plaintiff's counsel provide dates for Plaintiff's deposition. *See* Exhibit B. On January 24, 2023, as Plaintiff's counsel still had not provided dates for Plaintiff's deposition (or responses to written discovery), Sodexo reiterated its

---

[1] Plaintiff's Complaint and proposed Amended Complaint (R. Doc. 23-3) incorrectly name "Sodexo, Inc." as the defendant. The correct defendant is SDH Education East, LLC ("SDH"), a Delaware limited liability company licensed to do business in the State of Louisiana, the Sodexo subsidiary that employed Plaintiff and through which Plaintiff was paid.

request for deposition dates. By this time, Plaintiff's counsel had announced that she was going on medical leave in late February (returning in late April), so Sodexo attempted to obtain written discovery responses before the leave and schedule Plaintiff's deposition within a reasonable time after the leave ended. Thus, Sodexo, asked Plaintiff's counsel to provide dates for Plaintiff's deposition prior to late May 2023. *See* Exhibit C.

Plaintiff refused to agree to any date for Plaintiff's deposition earlier than June 22, nearly two months after she would return from medical leave and nearly six months after Sodexo first requested dates for that deposition. *See id*.

Plaintiff also refused to agree to respond to written discovery, even refusing to engage in the straightforward task of providing signed authorizations for the release of third party employment and medical records, until May 31, 2023. *See* Exhibit D. She so refused even though her paralegal, who did communicate with Sodexo during the leave of absence, could have had the authorizations signed and sent them to Sodexo within a day or two (at most). *See id*. Such was the extent of Plaintiff's counsel' refusal to engage meaningfully with Sodexo that she went so far as to state that she would not agree to engage in further communications about the timeline for providing discovery responses until months later when she returned from leave. *See id*.

Plaintiff refused to produce anything before May 31, 2023, even though the discovery requests and authorizations were first sent to Plaintiff on December 1, 2022, and served on January 17, 2023, after the parties' Rule 26(f) discovery conference. *See* Exhibit E.

When Sodexo's counsel, during conferral on Plaintiff's belated discovery responses, proposed that Plaintiff provide discovery responses by mid-April (three months after she received them the second time and four and a half months after she received them the first time) and signed authorizations for third party records by mid-March, Plaintiff refused that as well. *See* Exhibit D.

2

On February 23, 2023, Plaintiff's counsel replied that she rejected that reasonable proposal, saying nothing about providing signed authorizations and requesting that she be allowed until May 31, a month after her return from leave, to respond to the discovery requests:

> "[A]s relates to your proposal regarding Plaintiff's discovery responses, unfortunately I will not be able to agree to those time frames suggested. As previously expressed, I *will be* out on maternity and will be unable to provide discovery responses until I return. Of course, when I return I will need an opportunity to review responses and format appropriately, which is why I requested until May 31$^{st.}$ If this is unacceptable, then we can discuss when I return. **My leave has officially started and I am currently out of the office so I will be unable to respond to any additional proposal at this time.**"

*Id*. (emphasis added). Of course, by the time Plaintiff's counsel wrote this missive on February 23, 2023, the discovery responses were already way overdue.

On May 8, Sodexo's counsel wrote to Plaintiff's counsel asking when Plaintiff intends to respond to Sodexo's discovery requests. *See* Exhibit F. Plaintiff's counsel responded on May 9, saying nothing about the request for signed authorizations and only restating her request to be allowed to provide responses by May 31. *See* Exhibit G. To date, Plaintiff has provided no responses to written discovery requests, has produced no signed authorizations for Sodexo to obtain employment and medical records from third parties, all of which Sodexo needs to conduct the June 22 deposition.

    **b. At the Same Time That Plaintiff's Counsel Refused to Respond to Discovery, She Used Her Time to Prepare and File a Sanctionable Motion to Amend and Reconsider.**

As set forth in detail in Sodexo's recently-filed Motion for Rule 11 Sanctions (R. Doc. 25), during the same time period that Plaintiff's counsel was refusing to engage in discovery (through the months of December, January, and February), Plaintiff's counsel did have time to prepare and file a sanctionable "Motion to Amend Original Complaint and Motion to Reconsider Defendant's Partial Rule 12(b)(6) Motion to Dismiss" (R. Doc. 23) that is premised on knowingly false

3

misrepresentations to the Court. In fact, Plaintiff's counsel had the audacity to file that motion on February 23, 2023, the **very day** that she told Sodexo's counsel that she could no longer respond to emails, confer regarding discovery, or even provide signed authorizations for Sodexo to obtain records from third parties. All of this makes Plaintiff's complete failure to participate in discovery all the more unacceptable.

    II.    **LAW AND ARGUMENT**

        a.  **Standard Governing This Motion.**

Federal Rule of Civil Procedure 37(a) governs a party's motion to compel discovery responses. Rule 37(a)(3)(B) provides that a party may move for an order compelling another party to answer interrogatories and produce documents when the party has failed to do so. If the Court grants a motion to compel, it must require the party whose conduct necessitated the motion, the party's attorney, or both, to pay the movant's reasonable expenses incurred in bringing the motion, including reasonable attorney's fees. Fed. R. Civ. P. 37(a)(5)(A).

        b.  **Sodexo Has Fully Complied with Its Rule 37(a)(1) Meet and Confer Obligation.**

As required by Fed. R. Civ. P. 37(a)(1), counsel for Sodexo made a good faith attempt to confer with counsel for Plaintiff in an effort to obtain discovery responses from Plaintiff without Court action. Counsel for Sodexo first conferred with Plaintiff's counsel on February 17 by telephone regarding the status of Plaintiff's discovery responses. After Sodexo's thwarted attempt to <u>further</u> confer with Plaintiff's counsel one week later (thwarted because Plaintiff's counsel stated she would not engage in any further discovery discussion until May when she returned from leave), counsel for Sodexo sent the attached correspondence to Plaintiff's counsel on May 7, 2023, requesting that Plaintiff's counsel provide her availability for a Rule 37 discovery conference before this motion needed to be filed on May 9 to secure a May 24, 2023, submission date. *See*

4

Exhibit F.  A May 24, 2023 submission date is critical because Plaintiff's deposition is scheduled for June 22, 2023, so Sodexo does not have the luxury of waiting to file its motion to compel if it is to obtain documents from Plaintiff and from third-parties in time for Plaintiff's deposition. Plaintiff's counsel stated that she could not attend a Rule 37 telephone conference at any time before May 11 (which is difficult to understand as the conference would have been extremely short because the only matter to discuss would have been whether and when Plaintiff intends to respond to Sodexo's discovery requests).  *See id*.  Regardless, as described more fully above, when Sodexo's counsel then asked when Plaintiff's counsel intends to respond to Sodexo's discovery requests, she responded only by reiterating her unreasonable proposal to provide responses by May 31.  *See* Exhibit G.

### c. Plaintiff's Responses to Sodexo's Discovery Requests Are Almost <u>Three Months</u> Overdue.

Pursuant to Fed. R. Civ. P. 33(b)(2) and Fed. R. Civ. P. 34(b)(2)(A), Plaintiff's responses to Sodexo's interrogatories and requests for production of documents were due on February 16, 2023 (thirty days after the requests were served on January 17, 2023).  Notably, by February 16, 2023, Plaintiff had actually been in possession of Sodexo's discovery requests for <u>two and a half months</u>, as Sodexo first sent Plaintiff's counsel those requests on December 1, 2022, before the parties held their Rule 26(f) conference.  So, as of the date of this filing, Plaintiff has had Sodexo's discovery requests for <u>over five months</u> without responding to them in any fashion.

Plaintiff's counsel has told this Court her medical leave would not begin until mid-February 2023.  (R. Doc. 24, p. 1).  However, it is evident that Plaintiff's inability to work did not begin until February 23, 2023, at the earliest. That is because Plaintiff was able to draft and file multiple motions on February 23, 2023, including a <u>substantial</u>, lengthy, bad faith motion asking the Court to reconsider its ruling granting Sodexo's Partial Rule 12(b)(6) motion to dismiss and grant her

5

leave to amend her Complaint. (R. Doc. 23). Plaintiff's discovery responses were overdue <u>before</u> she began her medical leave and before she filed these ill-advised motions. The fact that Plaintiff had substantial time before February 23 to prepare multiple motions proves compellingly that she had the time to respond to Sodexo's discovery requests by that date. And, the fact that she had those requests in hand on December 1, 2022, nearly three months before February 23, 2023, is further proof that she had abundant notice and time to develop responses to the straightforward requests by their due date, February 16, and certainly by February 23.

Regardless, the circumstances under which Plaintiff's counsel chose to "opt out" of this litigation, including any discovery obligations, for <u>months</u> while she was on medical leave cannot be condoned. Indeed, if it was Plaintiff's counsel's intention to refuse to engage in discovery in any way for months during her medical leave, she should have made sure she timely responded to Sodexo's discovery requests (or at least provided limited responses along with signed authorizations for the release of third-party records) before her leave began (<u>when they were actually due</u>) rather than spending her time writing a substantial, bad faith motion.

Most importantly, given Plaintiff's delay in providing responses to Sodexo's discovery requests, and given that Plaintiff's deposition is scheduled for June 22, 2023, Sodexo cannot wait, and should not have to wait, until May 31 or later to find out if it will receive Plaintiff's responses, documents and signed authorizations for the release of third party records. Sodexo <u>certainly</u> does not have the time to receive deficient responses and documents on May 31 and thereafter file a motion seeking this Court's intervention and resolution in time to receive proper responsive before June 22. The earliest available hearing date for an additional motion to compel would be June 21, the day before Plaintiff's deposition.

6

### d. Plaintiff's Counsel's Conduct Reflects a Transparent Tactic to Preclude an Effective Deposition of Her Client.

Notably, Plaintiff's May 8 and 9 emails said nothing about providing the signed authorizations requested by Sodexo for the release of important third party records. Obviously, what opposing counsel intends is to delay providing those responses as long as she can so that Sodexo has too little time to issue the subpoenas, possibly follow up with unresponsive entities, receive the records, assess them and assimilate them into its deposition preparation before June 22. Given that Plaintiff's counsel has had several months to have Plaintiff sign the authorizations and has not done so, and that she (or her paralegal) could have had them signed and delivered them to Sodexo within a day or two, she has acted in bad faith and there is no legitimate reason for her not to provide them immediately.

Of course, all of the same issues are present with respect to Plaintiff's counsel's plan to not provide discovery responses until May 31. This timeline will render Sodexo effectively unable to follow up on (and potentially engage in motion practice on) Plaintiff's discovery responses prior to Plaintiffs' June 22 deposition.

In sum, Plaintiff's failure to provide responses even now, and proposal to provide responses only a few weeks before the deposition date demonstrates that she is hoping to deprive Sodexo of the information and documents that discovery responses would provide in a meaningful time before deposition. This transparent bad faith tactic should be seen for what it is and dealt with accordingly by this Court.

### CONCLUSION

For the reasons set forth above, Sodexo respectfully requests that the Court grant this motion, order Plaintiff to immediately respond to Sodexo's discovery requests, and order Plaintiff's counsel to reimburse Sodexo for it's reasonable attorney's fees incurred preparing and

7

filing this motion. Sodexo further requests that the Court order that, if Plaintiff's responses to Sodexo's discovery requests are deficient, Plaintiff and/or her counsel will be subject to an additional award of sanctions.

                Respectfully Submitted:

                */s/ Leslie W. Ehret*
                Leslie W. Ehret (La. Bar No. 18494)
                Benjamin M. Castoriano (La. Bar No. 31093)
                lehret@frilot.com
                bcastoriano@frilot.com
                FRILOT, L.L.C.
                1100 Poydras Street, Suite 3800
                New Orleans, Louisiana 70163
                Tel.: (504) 599-8203; Fax: (504) 599-8263

                **Counsel for SDH Education East, LLC and Sodexo, Inc.**