UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **BIONCA FLEURY** | * | **CIVIL ACTION NO.** |
| | * | **2:21-cv-02373** |
| **VERSES** | * | |
| | * | **Judge Sarah S. Vance** |
| **SODEXO, INC.** | * | |
| | * | **Mag. Judge Karen Wells Roby** |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM IN SUPPORT OF SODEXO'S MOTION TO COMPEL COMPLETE RESPONSES TO REQUESTS FOR PRODUCTION NOs. 18, 19 AND 22

Sodexo, Inc. ("Sodexo") brings this motion to compel because, disappointingly, seven months after it provided Plaintiff its discovery requests and after multiple Court orders for Plaintiff to respond to Sodexo's discovery and subsequent attempts by Sodexo meet and confer and to accommodate Plaintiff with even more time, Plaintiff <u>still</u> has not responded to Sodexo's Requests for Production of Documents Nos. 18, 19 and 22 (the requests for production at issue are attached as Exhibit A), with anything more than a "preliminary search" of her emails. Of course, certainly at this juncture – if not before – Plaintiff is required to perform much more than a "preliminary search" of her emails to attempt to locate emails/ documents responsive to these requests, including emails/documents believed to exist because they are recorded in the activity log contained in the EEOC's Charge File. Sodexo's motion should be granted, Plaintiff should be required to immediately perform a *diligent* (not just preliminary) search of her emails for responsive documents (including using the specific search protocols Plaintiff's counsel agreed would be used with respect to RFP No. 22), and, after having to come to Court again with these issues, Sodexo respectfully request the Court award attorney's fees in Sodexo's favor.

I.  **BACKGROUND**

The Court is well-aware of the background regarding Sodexo's discovery requests. Sodexo's discovery requests were provided to Plaintiff on December 1, 2022, formally served on Plaintiff on January 17, 2023, and, after Sodexo filed a previous motion to compel (R. Doc. 29), the Court ordered that all of Plaintiff's non-privilege objections were waived and ordered that Plaintiff respond to Sodexo's discovery requests by May 31, 2023. (R. Doc. 42). Plaintiff responded to Sodexo's discovery requests on June 2, 2023, asserting the boilerplate non-privilege objections the Court ruled were waived as to the majority of requests. Following a June 7 status conference, the Court <u>again</u> ordered that Plaintiff's non-privilege objections were waived and ordered Plaintiff to provide supplemental discovery responses to Sodexo no later than June 16. (R. Doc. 45).

The supplemental discovery responses Plaintiff served on Sodexo on June 16 (Exhibit B) included several deficiencies. In particular, as to RFP No. 22, which requests Plaintiff produce all communications between her and any representative of the EEOC, Plaintiff simply directed Sodexo to the EEOC Charge File that she received from the EEOC in response to her FOIA request (Fleury 000091-000203) and to her EEOC Charge of Discrimination (Fleury 000065-000066). *See* Exhibit B. That is to say, Plaintiff produced only the three communications between her and the EEOC that happen to be contained in the EEOC's Charge File.[1] From the EEOC's "Activity Log" contained in the EEOC Charge File (which references numerous, specific email communications by date and subject matter between Plaintiff and various EEOC representatives), it is clear *additional* email correspondences between Fleury and EEOC representatives exist that Fleury did

---

[1] The Court previously ordered that Plaintiff may not assert privilege as an objection to producing correspondences between her and the EEOC. (R. Doc. 45).

not produce.[2]  So, it appeared Fleury had not actually searched her own emails for documents responsive to RFP No. 22, instead simply assuming any correspondences between her and the EEOC were contained in the Charge File.  Given that Plaintiff had not searched her emails for correspondences responsive to RFP No. 22, Sodexo reasonably (and, as it turns out, correctly) assumed Plaintiff also had not searched her emails for documents responsive to RFPs Nos. 18 and 19, which request Plaintiff's communications with current and former Sodexo employees/ representatives and statements received from third parties.

On June 16, Sodexo's counsel wrote to Plaintiff's counsel regarding these issues and asked Plaintiff to agree to search her personal emails for documents responsive to RFP Nos. 18, 19, and 22.  *See* Exhibit D.  With respect to RFP No. 22, Sodexo provided, and Plaintiff's counsel agreed to, specific search protocols.  Sodexo requested Plaintiff "search her emails in her bfleury1223@gmail.com email account (including her sent emails, deleted/trash emails folder, spam folder, etc.) *for all communications between plaintiff and any employee or representative of the EEOC*.  Plaintiff's search should include, but should not necessarily be limited to, searching for: (1) the terms "Equal Employment Opportunity Commission" and "EEOC," (2) the names of the various EEOC employees she communicated with as set forth in the Activity Log and Charge Detail Inquiry documents plaintiff produced (Fleury-000191 – Fleury-000203), and (3) emails to or from the email addresses "mailto:noreply@eeoc.gov" and "noreply@eeoc.gov"."

Counsel for Sodexo and Plaintiff held a Rule 37 discovery conference on June 26 to discuss the requests made in Sodexo's counsel's June 16 email.  Counsel for Plaintiff agreed to comply with item nos. 1 and 2 in Sodexo's counsel's June 16 email.  Specifically, she agreed Plaintiff

---

[2]  As two examples, the Activity Log shows an email was sent to Plaintiff (bfleury1223@gmail.com) on May 21, 2020, and a correspondence was uploaded to/from Plaintiff on April 20, 2020, but no such emails have been produced.  *See* Exhibit C.

3

would search her personal emails for documents responsive to RFPs Nos. 18, 19, and 20, including using Sodexo's specific search protocols as to RFP No. 22. Plaintiff asked if she could have until July 3 to do so and Sodexo agreed. This agreement was confirmed in writing. *See* Exhibit E.

On June 3, counsel for Plaintiff wrote to counsel for Sodexo stating she would not be able to meet the July 3 deadline she had requested. Plaintiff's counsel stated she would need until July 6, "at the latest," to do what she agreed to do. *See* Exhibit F. However, on July 6, Plaintiff's counsel sent an email to Sodexo's counsel making it clear Plaintiff still had <u>not</u> done what she had agreed to do with respect to RFPs Nos. 18, 19 and 22. Plaintiff's counsel stated Plaintiff had only performed a "<u>preliminary search</u>" of her emails in an attempt to locate responsive documents, and Plaintiff's amended responses to RFPs Nos. 18, 19 and 22 are explicitly caveated by the fact that Plaintiff has only performed a "preliminary search." *See* Exhibit G.[3]

## II.   LAW AND ARGUMENT

### a.  Standard Governing This Motion.

Federal Rule of Civil Procedure 37(a)(3)(B) provides that a party may move for an order compelling another party to produce documents when the party has failed to do so. If the Court grants a motion to compel, "or if the disclosure or requested discovery is provided after the motion was filed," the Court must require the party whose conduct necessitated the motion, the party's attorney, or both, to pay the movant's reasonable expenses incurred in bringing the motion, including reasonable attorney's fees. Fed. R. Civ. P. 37(a)(5)(A).

---

[3] Even at that juncture, Sodexo offered Plaintiff one <u>more</u> opportunity to do what she was required (and agreed) to do and obviate the need for Sodexo filing a motion to compel. Sodexo asked that Plaintiff perform a diligent (rather than just preliminary) search by the end of the day on July 7 and amend her discovery responses accordingly. *See* Exhibit H. Plaintiff did not respond (and even now has not responded) to that email.

### b. Plaintiff Was Required to, But Failed to, Perform a <u>Diligent</u> Search for Responsive Documents.

Needless to say, Plaintiff is required to perform a diligent search of her emails for documents responsive to RFPs Nos. 18, 19 and 22. There is no law saying a "preliminary search" for documents responsive to a request for production of documents is sufficient. If Plaintiff performs a diligent search and locates no responsive documents, so be it. But, she must perform a diligent search. *See, e.g., Regions Financial Corporation v. Parish Partners Company, LLC*, No. 08-4301, 2010 WL 11558002, at *2-3 (E.D. La. Feb. 22, 2010) (ordering the plaintiff to perform a "diligent search for all documents responsive to [the defendant's discovery request]" and finding insufficient the plaintiff's response stating, "if there are other relevant and responsive documents relating to [the] request, [plaintiff] intends to supplement its prior response and produce them"); *Collins v. ControlWorx, LLC*, No. 20-199, 2021 WL 4429456, at *11 (M.D. La. Sept. 27, 2021) (ordering the plaintiff to perform a "diligent search" for documents responsive to the defendant's discovery requests and, if he was unable to locate responsive documents, to "expressly state this in his supplemental response and provide a brief explanation of the search conducted").

The problems with Plaintiff caveating her responses by saying she has only "preliminarily" searched for responsive documents are many, but they obviously include: (1) Sodexo potentially being denied discovery of responsive documents, and (2) Plaintiff being able to claim, during her deposition, that documents exist and being able to point to to her caveated "preliminary search" discovery response to explain why those documents have not been produced. Importantly, this is not a situation in which Sodexo recently served its discovery requests and Plaintiff is trying to produce voluminous documents on a rolling basis. The discovery was served in <u>December 2022 and January 2023</u> and the parties are nearing the closure of their discovery window. Indeed, per the Court's suggestion, Sodexo agreed to reschedule Plaintiff's deposition, which was previously

5

scheduled for June 22, 2023, to ensure it had received adequate responses to its discovery requests in advance of the deposition. The deposition is now scheduled for August 9, 2023. Sodexo is not looking for a needle in a haystack – but rather documents/ emails explicitly referenced in the EEOC's activity log. As such, Plaintiff should be ordered to perform diligent searches of her emails <u>immediately</u> and provide amended responses, along with any responsive documents located, <u>immediately</u>.

## CONCLUSION

For the reasons set forth above, Sodexo respectfully requests the Court grant this motion and order Plaintiff to immediately perform a <u>diligent</u> search of her emails for documents responsive to RFPs Nos. 18, 19 and 22, including using the specific search protocols she agreed to with respect to RFP No. 22. Plaintiff should be ordered to immediately provide formal, amended responses to these RFPs, along with documents located – or, if none or located, she should explicitly say she has located no documents after a diligent search. In addition, Sodexo respectfully requests the Court award attorney's fees in its favor.

Respectfully Submitted:

*/s/ Leslie W. Ehret*
Leslie W. Ehret (La. Bar No. 18494)
Benjamin M. Castoriano (La. Bar No. 31093)
lehret@frilot.com
bcastoriano@frilot.com
FRILOT, L.L.C.
1100 Poydras Street, Suite 3800
New Orleans, Louisiana 70163
Tel.: (504) 599-8203; Fax: (504) 599-8263

**Counsel for SDH Education East, LLC and Sodexo, Inc.**