UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BIONCA FLEURY,** | Case No.: 2:21-cv-02373 |
| Plaintiff | Judge: Darrel James Papillion |
| vs. | |
| **SODEXO, INC.,** | Magistrate Judge: Karen Wells Roby |
| Defendant | Jury Trial Requested |

*****************************************************************************

## OPPOSITION TO SODEXO'S MOTION TO COMPEL COMPLETE RESPONSES TO REQUESTS FOR PRODUCTION NO.'S 18, 19, AND 22

**MAY IT PLEASE THE COURT,**

The Plaintiff, BIONCA FLEURY, respectfully submit this Memorandum in Opposition to the Defendant's, Motion to Compel, pursuant to Fed. R. Civ. P. 37.

For the following reasons Plaintiff has provided compete responses to the Defendant's discovery, and the Defendant's motion to compel should be denied.

### I. BACKGROUND

As the Defendant has asserted, the Court is well aware of the background concerning the Defendant's discovery requests. The aforementioned discovery was prematurely served in December of 2022, despite the Defendant's futile persistence in highlighting this fact, once again. Subsequently, the aforementioned discovery was served on the Plaintiff on January 17, 2023; however, the Scheduling Order was not issued until January 24, 2023[1]. The responses were due on May 31, 2023, pursuant to the Court's Order rendered on May 24, 2023[2]. Due to a

---

[1] Rec. Doc. 22.
[2] Rec. Doc. 42.

1

genuine misunderstanding of the Court's order[3], the Court reiterated its ruling during a status conference on June 7, 2023[4]. The Plaintiff submitted amended discovery responses to the Defendant on June 16, 2023, removing all objections with the exception of attorney client privilege and work product privilege, in compliance with the Court's order[5]. On that same date, the Defendant asserted, <u>for the first time,</u> that it was unsatisfied with Plaintiff's responses to Requests for Production No's 18, 19, and 22. The Plaintiff's responses, to the aforementioned requests for productions, <u>only</u> substantially changed, by providing the Defendant with <u>more</u> information.[6] Notably, the Defendant did not identify these responses as being deficient (with the lesser information provided) in its lengthy 10-page deficiency letter submitted to Plaintiff on June 5, 2023.[7] Nevertheless, during the Rule 37 conference, on June 26, 2023, the Plaintiff, in <u>another</u> attempt to resolve matters without Court intervention, agreed to have her client search her email for additional communications between she and the EEOC. Specifically, the Defendant justified its request by asserting that there were items identified on the EEOC Activity log, which referenced additional communications may have been sent. Moreover, the Defendant requested that the Plaintiff use "reasonable search terms" to search her email for these communications. Subsequently, the Plaintiff expressed that she believed that all of the emails were already included in the EEOC file. Additionally, to eliminate the back and forth, the Plaintiff inquired whether the Defendant was seeking or referring to any particular email communication listed in the Activity log, to which the Defendant responded that it was not

---

[3] During the May 24, 2023 hearing, the Plaintiff understood the Court to say that since it was not aware of maternity leave being "good cause" for a delay in responding to discovery; it would review the briefs and make a ruling on whether the Plaintiff had waived her objections. However, the Court informed the Plaintiff that she was incorrect in this understanding and reiterated its ruling during the June 7, 2023 status conference to express that the Plaintiff had waived her objections, except for privilege.
[4] Rec. Doc. 45.
[5] Rec. Doc. 45.
[6] Pursuant to the Court's order that, "EEOC communications are not privileged communications" (Doc. Rec.45), the Plaintiff supplemented her responses **and provided this additional information to the aforementioned requests for productions.**
[7] Exhibit A- Defendant's Deficiency Letter

referencing any particular email. Finally, the Plaintiff expressed that she would have her client conduct a "general" search; however, the Plaintiff emphasized that if this effort did not produce what the Defendant's were seeking, then the Defendant would identify the specific communications invoking the Defendant's doubt. To this, the Defendant expressed that it would comply. However, the Defendant never did[8]. On July 6, 2023[9], the Plaintiff submitted her responses and the Defendant began <u>once again</u> dictating the Plaintiff's phraseology, which brings forth the instant motion to compel. The Plaintiff asserts that this seems to be a pattern with the Defendant in repeatedly being unsatisfied with any good faith effort and gesture by the Plaintiff to amicably litigate this case. Even after the instant motion was filed and the Defendant <u>finally</u> identified the specific email impressing its query,[10] the Plaintiff had her client search specifically for this email; but, the Plaintiff was unable to find such an email[11]. Consequently, the Plaintiff began investigating this discrepancy and determined that emails are expressly identified differently than direct uploads by the parties.[12]

## II.   LAW AND ARGUMENT

### a.  Standard Governing Motion to Compel

Motions to compel discovery responses are governed by Rule 37 of the Federal Rules of Civil Procedure.[13] That rule provides that "if a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions." FED. R. CIV. P. 37(a)(2). Rule 37(a)(4)(A), which governs sanctions under the rule, requires the award of reasonable expenses, including attorney's fees, unless the motion to compel discovery was

---

[8] Exhibit B- July 6, 2023 response to deficiencies and Defendant's response to Plaintiff's Deficiency corrections.
[9] Exhibit B- July 6, 2023 response to deficiencies and Defendant's response to Plaintiff's Deficiency corrections.
[10] Rec. Doc. 58-2, p. 3 footnote 2.
[11] Plaintiff searched in both inbox and trash but did not locate such email.
[12] Accordingly, in reviewing the EEOC Activity log, it appears that the direct uploads from the either the Plaintiff or the Defendant are identified as either a "**pdf**", "**doc**", or "**jpg**"; whereas, any emails are identified as "**msg**". *See* Exhibit E.
[13] *Stagner v. Western Kentucky Navigation, Inc.*, Not Reported in F.Supp.2d (2004).

unjustified or other circumstances make the award unjust. *Lischka v. Tidewater Services, Inc.*, 1997 WL 27066, at *4 (E.D.La. Jan.22, 1997). Specifically, if the court finds that "the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or <u>that that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust</u>." FED. R. CIV. P. 37(a)(4)(A).

      **b. Plaintiff Was Only Required To, And She Did, Make A Reasonable Good Faith Search Of Her Email**

The Defendant urges this Court to require the Plaintiff to amend her response, yet again, to state that she has conducted a "diligent" search as opposed to a "preliminary" search.[14] However, the Plaintiff argues that this request is unwarranted and baseless. Consequently, the Plaintiff argues that her responses to the aforementioned requests for production are sufficient. First, the Plaintiff asserts that she only "needs to make a reasonable keyword-phrased, good faith search, using the particularly described dates, events, occurrences or persons identified in each request, and produce those materials uncovered by such a focused keyword search"[15]. To comply with the Defendant's unreasonable request of performing a "diligent" search, the Plaintiff would likely need to "review each and every email in her email account to satisfactorily comply with the Defendant's undue and arbitrary demand. Thus, the Plaintiff asserts that this is unreasonable. Further, the Plaintiff asserts that the Defendant should not be able to abuse the Court's order in preventing the Plaintiff from asserting objections outside of privileged objections, by pursuing oppressive requests that she engage in deciphering efforts of her entire email account to determine whether, if any, emails exist between the EEOC and the Plaintiff.[16]

---

[14] Rec. Doc. 58-2, p. 1.
[15] *Sines v. Kessler*, 325 F.R.D. 563 (2018).
[16] *Sines v. Kessler*, 325 F.R.D. 563 (2018).

Moreover, the Plaintiff argues that the fact that she failed to locate emails does not, by itself, compel a finding that her search was inadequate.[17] See *Batton*[18], 598 F.3d at 176 (explaining that while a claimant may assert that other documents exist that were not located in the agency's search, a court "must decide only whether the search was adequate"); *Negley*[19], 589 F. App'x at 731 (finding claimant's allegation that agency's search failed to locate potentially 500,000 documents did not alone demonstrate inadequacy). Consequently, the Plaintiff asserts that her search was in fact adequate.[20] The Plaintiff further asserts that just because the email referenced by the Defendant was not produced, does not mean that the Plaintiff did not perform an adequate search.[21] The Defendant "cannot call into question the adequacy of the search by engaging in mere speculation that as yet uncovered documents may exist."[22]

Additionally, the Plaintiff argues that the email in which the Defendant references does not appear to be an email that concerns substantive information. Specifically, as identified on the EEOC Activity log, it appears that both email subjects concerned a request to receive position statements.[23] The Plaintiff asserts that these are general emails and concern no substantive communication.

The Plaintiff is not required to show that she has identified every document that is responsive to the Defendant's request, but only that "it performed a search reasonably

---

[17] *Huddleston v. Federal Bureau of Investigation*, Slip Copy (2022); (Even so, the fact that an agency failed to locate a large volume of records does not, by itself, compel a finding that the agency's search was inadequate).
[18] "*Batton v. Evers*, 598 F.3d 169, 175 (5th Cir. 2010).
[19] "*Negley v. F.B.I.*, 589 F. App'x 726, 730 (5th Cir. 2014).
[20] Plaintiff asserts that not only did she use reasonable search terms which correlated with locating documents responsive to the Defendant's requests; but, after the instant motion was filed, the Plaintiff went back and attempted to search by date to locate the specific entries (identified by the Defendant)- but was unable to locate them.
[21] *Negley v. F.B.I.*, 589 F. App'x 726, 730 (5th Cir. 2014).
[22] *Matthews v. Executive Office for United States Attorneys*, Slip Copy (2021).
[23] Exhibit E- EEOC Activity Log (May 21, 2020). Specifically, one entry stating that a position statement was requested for the Plaintiff's charge and the second entry stating that the Plaintiff requested a position statement for her charge.

calculated to yield responsive documents."[24] Accordingly, the Plaintiff asserts that she has performed her search for emails responsive to the Defendant's request by using the following search terms: "Equal Employment Opportunity Commission", "EEOC", as well as searching by date. The Plaintiff avers that these are reasonable search terms and key words which the Plaintiff reasonably believes would produce the emails which would be responsive to the Defendant's request.

The Defendant has asserted that it is "not looking for a needle in a haystack-but rather documents explicitly referenced in the EEOC's Activity log"[25]. However, the Plaintiff asserts that this is exactly what the Defendant is looking for. The emails in which the Defendant seeks are referenced to have taken place at least three years ago.[26] As previously mentioned above, the Plaintiff intentionally asked the Defendant during the Rule 37 conference whether it was looking for specific emails and it unequivocally represented that it was not.[27]

Moreover, as it relates to the Defendant's April 20, 2020 Activity log entries, they appear to be an upload, not an email. Specifically, the entries read as follows:

1. Uploaded evidence from witness provided by CP (witness2.docx),
2. Uploaded evidence from witness provided by CP (Bionca Fleury performance review 2019(1).doc.), and
3. Uploaded correspondence to/from Charging Party (appealsodexo.pdf).[28]

Accordingly, in reviewing the EEOC Activity log, it clear that direct uploads from the either the Plaintiff or the Defendant are identified as a "**pdf**", "**doc**", or "**jpg**"[29]; whereas, any

---

[24] Negley v. F.B.I., 589 Fed.Appx. 726 (2014).
[25] Rec. Doc. 58-2, p. 6.
[26] Rec. Doc. 58-2, p. 2; The Defendant references May 21, 2020 email in the instant motion.
[27] During the Rule 37 conference, the Defendant expressly stated that it was "certainly not limiting this request to a certain communication."
[28] Exhibit E- EEOC Activity Log.
[29] Exhibit E- EEOC Activity Log.

emails are identified as "**msg**"[30]. Consequently, all of the above-mentioned entries identify the uploaded correspondence/evidence as either a "doc" or "pdf". Thus, they are not emails.[31]

Lastly, the Plaintiff asserts that the other "actual" emails, referenced in the Activity log, are, in fact, included in the EEOC file[32]. Thus, they have been produced to the Defendant already.

### III.    Conclusion

For the foregoing reasons, the Plaintiff strongly urges this Court to deny the Defendant's Motion to Compel and to deny its requests for attorney fees. The Defendant has clearly filed this motion frivolously, as shown through one its own examples,[33] setting the bases for its motion to compel, to not, in fact, be an email.  Consequently, the Plaintiff respectfully requests that the Court award attorney's fees in favor of the Plaintiff.

Respectfully,
/s/JP Gorham
_____
JP Gorham (Bar #31746)
JP GORHAM Attorney At Law, LLC
PO Box 86928
Baton Rouge, LA 70879
225-341-5939 Office
504-957-3551 Direct
jpgorham@gorhamlawfirm.com
Attorney for the Plaintiff

---

[30] Exhibit F- Emails correlating to the "**msg**" in the EEOC Activity Log.
[31] Further supporting why the Plaintiff was unable to locate it.
[32] Exhibit F- Emails correlating to the "**msg**" in the EEOC Activity Log.
[33] Defendant's referenced "April 20, 2020 entry" Rec. Doc. 58-2 , p.3.

**CERTIFICATE OF SERVICE**

I hereby certify that on July 18, 2023, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the court's electronic filing system.

*s/JP Gorham*
_____

JP Gorham, Esq.