

Frilot L.L.C.
1100 Poydras Street, Suite 3700
New Orleans, Louisiana 70163
Phone: 504.599.8000
Facsimile: 504.599.8100
www.frilot.com

Leslie W. Ehret
Partner
504.599.8203 direct
504.599.8263 facsimile
lehret@frilot.com

June 5, 2023

eFile-Roby@laed.uscourts.gov
Honorable Karen Wells Roby
500 Poydras Street
Room B437
New Orleans, LA 70130

Re:  2:21-cv-02373-SSV-KWR *Fleury v. Sodexo, Inc.*

Dear Magistrate Judge Roby:

This letter is being submitted pursuant to Your Honor's Order (R. Doc. 42), and Amended Order (R. Doc. 43), governing the procedure for Sodexo to raise issues related to Plaintiff's responses to Sodexo's written discovery (herein sometimes "Responses"), served on January 17, 2023. Much to Sodexo's significant frustration and expense, Plaintiff's unusable discovery responses are yet another example of the delay and game-playing Plaintiff has employed throughout the history of this case. There are many issues to address, not the least of which are: Plaintiff's violation of the Court's order to provide responses no later than May 31, 2023 and Plaintiff's insistence on using boilerplate objections for each response – in violation of the Court's order and Federal Rules.

**This Court's Order and Amended Order**

Pursuant to this Court's original Order of May 24, 2023, Plaintiff was to "**provide discovery responses to Defense counsel** and modify the tax authorization form to reflect the correct year **no later than May 31, 2023**." (R. Doc. 42). In fact, May 31, 2023 was the very date that Plaintiff urged the Court to adopt as her deadline to provide discovery responses. In her opposition to Sodexo's Motion to Compel and during oral argument on that motion, that was the date Plaintiff represented was a reasonable date by which should could provide responses. (R. Doc. 34) – keeping in mind responses received by May 31 would still be over 4 months late.

In its Amended Order, this Court noted: "It was brought to the court's attention that the previously issued order [R.Doc. 42], lacked clarity and so this amended order is issued to provide clearer instructions." The Amended Order then provided "clearer instructions" on which



authorizations Plaintiff should provide for third party records and for what date ranges. The Court continued: "Given the lack of clarity in the Court's earlier order [regarding the authorizations], the deadline for compliance has been extended to Friday, June 2, 2023." (R. Doc. 43). Nothing in the Amended Order addressed confusion regarding the deadline for Plaintiff's responses to discovery – because there was no confusion.

Given that the Amended Order moved the deadline for Plaintiff to provide authorizations to Friday, June 2, 2023, the deadline for Defense counsel to inform the Court in writing of any issues with authorization forms and deficiencies with Plaintiff's discovery responses was moved to Monday, June 5, 2023 (instead of Friday, June 2). The deadline for Plaintiff to respond was moved to Tuesday, June 6, 2023, by 12:00 pm. (R. Doc. 43).

**Compliance with the Court's Orders**

Sodexo expected to receive Plaintiff's long-awaited responses to discovery no later than May 31, 2023. Had Plaintiff provided the responses on May 31 as she agreed, Sodexo could have at least had two weekdays (Thursday and Friday) to review them before submitting this letter.

And, to ensure that Plaintiff's counsel had no uncertainty about the due date of the Responses, and to confirm timely compliance, on May 31, 2023, Sodexo counsel wrote to Plaintiff's counsel: "Given the absence of any discussion of the discovery responses (as opposed to the authorizations) in the amended order, I assume the prior order stands that your complete responses to discovery (except the authorizations discussed in the amended order) are due today. If you have a different understanding based on any discussions with the court, please let me know so that we can arrange a call together to seek clarification." (Exhibit A).  **Plaintiff neither responded to Sodexo's counsel's email, nor provided responses to discovery by May 31, 2023.** In fact, Plaintiff waited until Friday, June 2, 2023, at 6 p.m., to send Sodexo her discovery responses. Thus, after pleading with Plaintiff's counsel to provide discovery responses for over 4 months, they were finally provided (in completely unacceptable form) on Friday night – leaving only the weekend to review them and prepare this letter. Once again, Plaintiff's delay and failure to comply became Sodexo's problem and expense.

**Plaintiff's Discovery Responses**

Plaintiff's discovery responses are attached as Exhibit B. Despite Your Honor's instruction to Plaintiff's counsel during the motion to compel hearing that objections were waived due to Plaintiff's failure to either respond to discovery (within over 4 months) or obtain an extension of time to respond[1], virtually every single one of Plaintiff's responses is replete with boilerplate objections.

---

[1] *See, e.g., B&S Equip. Co. v. Truckle Servs., Inc.*, No. 09-3862, 2011 WL 2637289, at *6 (E.D. La. July 6, 2011) (Roby, J.) (finding waiver of all objections to interrogatories and requests for production of documents "based on relevance, unduly burdensome, over broad, or any other objection not grounded on the attorney client or the work product privilege."); *Aker Solutions, Inc. v. Shamrock Energy Solutions, LLC*, No. 16-2560, 2020 WL 10486333, at



Not only that, but the boilerplate objections are further inappropriate because, as this Court is well aware, such  objections are uniformly prohibited by courts throughout the Fifth Circuit.[2]

In sum, after making Sodexo wait for over four months for discovery responses – requiring judicial intervention and great time and expense from the Court and Sodexo, Plaintiff has submitted responses that repeatedly use boilerplate, unsupported objections to avoid providing Sodexo information and documents and to prevent Sodexo from even being able to ascertain which documents have been withheld and why.  These deficiencies are described in more detail below:

**Answers to Interrogatories[3]**

**A. Improper, Boilerplate "Prematurity" Objections**

Plaintiff objected that 10 of 23 interrogatories (Nos. 3, 4, 5, 6, 7, 8, 9, 10, 11, 12) are "premature in calling for a contention on the part of Plaintiff when discovery has not been substantially completed to enable the Plaintiff to adequately respond." Interestingly, this objection comes despite that Plaintiff's suit has been pending for a year and a half.  In most cases, Plaintiff answered the interrogatories reserving that (and other) objections, despite that "a voluntary answer to an interrogatory is also a waiver of the objection." *See* Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2173. Further, Fed. R. Civ. P. 34(b)(2) expressly requires that a responding party state objections with specificity and indicate whether documents or information are being withheld and the basis of such objection(s).

Some examples of Plaintiff's improper "prematurity" objection include the following:

- Interrogatory No. 3 asks Plaintiff to identify persons she believe have knowledge tending to support her claims in this lawsuit. While Plaintiff provided the names of three people who allegedly have knowledge, she refused to do so without reserving the above "prematurity" objection. This is particularly concerning since Plaintiff saw fit to include a number of "catchall" listings such as: "any witness necessary and who may be a character witness for Plaintiff", without saying who they might be.

---

[*5] (E.D. La. Oct. 5, 2020) (Roby, J.) (explaining, unless there is an agreement between the parties that a party responding to discovery retains its right not only to answer but also to object to the discovery, objections are waived unless asserted within the original deadline to respond); *In re United States*, 864 F.2d 1153, 1156 (5th Cir. 1989) ("[A]s a general rule, when a party fails to object timely to interrogatories, production requests, or other discovery efforts, objections thereto are waived.").

[2] *See, e.g., Weatherspoon v. 739 Iberville, LLC*, No. 21-0225, 2022 WL 824618, at *5 (E.D. La. March 18, 2022) (Roby, J.) (explaining that "[b]oilerplate and general objections, including those vaguely asserting privilege(s), are taglines, completely devoid of any individualized factual analysis," and "[a] judge should not have to wade through a sea of boilerplate  objections only to discover that the objections did not represent the party's actual position but were merely used to make the discovery process more difficult") (internal quotations and citations omitted); *Aker Solutions, Inc.*, 2020 WL 10486333, at *5 (Roby, J.) (providing detailed explanation as to why general objections to discovery that lack specificity should be ignored).

[3] Plaintiff provided no signed verification with her answers to Sodexo's interrogatories, even though a verification is required by Fed. R. Civ. P. 33 and Sodexo requested Plaintiff sign a verification and provided her one to sign.



- Plaintiff employed the "prematurity" objection even for very specific questions such as Interrogatory No. 4, asking that she: "Identify all persons with knowledge, or whom you believe may have knowledge, and describe what you believe their knowledge to be, relating to your claim in Paragraph 10 of the Complaint that, "[o]n November 22, 2019, [you were], without previous warning or previous notice, abruptly suspended from [your] position." These same issues apply to responses to interrogatory Nos. 5-12. Plaintiff is required to identify whom she knows or believes has the knowledge requested in these interrogatories <u>without</u> objection.

**B. Improper, Boilerplate "Overbreadth" Objections**

Plaintiff objected that nine of 23 interrogatories are "overbroad and unduly burdensome" (Nos. 1, 2, 13, 14, 16, 18, 20, 21, 22) but, again, answered subject to and reserving those objections. She did not provide any detail or explanation as to how these interrogatories are overbroad, nor did she explain the "burden" that would be imposed on her by answering.

Some examples of interrogatories that clearly are not overbroad and burdensome but nevertheless were met with this objection include:

- Interrogatory No. 1, which asked Plaintiff to describe her employment history for the past ten years. Listing the names of employers, etc., is certainly not overbroad and unduly burdensome. In her response, Plaintiff unilaterally imposed a date range of 2017 to 2022, citing Your Honor's ruling imposing that date range on Plaintiff's tax returns [Add footnote here saying, "Plaintiff has imposed this unauthorized date range throughout her Responses]. Plaintiff neither sought nor obtained a ruling limiting other responses to that date range. Plaintiff's employment with Sodexo started in 2017 and ended in 2019. It is certainly reasonable to inquire about her employment history before she worked at Sodexo.

- Plaintiff objected that it was irrelevant, overly broad, and unduly burdensome for Sodexo to ask (in Interrogatory No. 2) about her arrest and conviction history (other than traffic tickets). Plaintiff responded "No" as to whether she has been arrested or convicted, but provided that answer subject to and reserving the objections. Evidence regarding certain crimes is admissible at trial to impeach a witness, including, in particular, evidence of crimes involving dishonesty. Fed. R. Evid. 609.

- In response to Interrogatory No. 13, Plaintiff claims it is irrelevant, overly broad and unduly burdensome for her to identify her email addresses, phone numbers and social media accounts for the last five years. Again, Plaintiff responds but does so subject to and reserving her baseless objections.



- Plaintiff also claims, in response to Interrogatory No. 18, that it is overly broad and unduly burdensome for her to have to answer questions about her efforts to find other employment after her separation from Sodexo, even though she knows (or should know) full well that such information is relevant to her claim for back pay damages and the extent of her mitigation of same. Plaintiff improperly makes the same objection to Interrogatory No. 20, which seeks information regarding her income sources in the last five years.

- This Court ruled in the hearing on Sodexo's motion to compel that Plaintiff herself placed her physical and mental health at issue in this lawsuit by claiming emotional distress damages. Nevertheless, Plaintiff objected to Interrogatory No. 14 as overly broad and unduly burdensome. Not only are those objections improper for the reasons described above, but Plaintiff also inappropriately self-imposed a 2017-2022 time frame for disclosure, again erroneously using the Court's ruling on the tax return authorization—and only the tax return authorization-- as her justification for doing so. This Court has not ruled that there is any such temporal limitation for the provision of medical records.

  Moreover, although Plaintiff identified two healthcare providers, she did so subject to and reserving her objections, and she disclaimed any responsibility for providing complete and accurate information, stating the "information may be better obtained within the named health care provider's medical records, which is the best evidence of its content." That is absurd. Sodexo does not have to guess which health care providers are responsive to this interrogatory, and it certainly does not have to comb through medical records to find this information. Plaintiff cannot weaponize her feigned lack of memory regarding where and with whom she received medical care to suit her litigation strategy. Plaintiff states her "investigation is ongoing and it is likely that plaintiff will ascertain additional details relevant to this interrogatory during discovery," but that too is not sufficient, particularly since she has had these interrogatories for over 5 months.

  Plaintiff's statement that her "investigation is ongoing" in response to Sodexo's request for her to identify health care individuals who have provided her counseling or treatment for emotional distress and mental damages she is claiming in this lawsuit (Interrogatory No. 15) is likewise absurd.

**Responses to Requests for Production of Documents**

### A. Improper, Boilerplate Work Product Objections

Plaintiff objected to 19 of Sodexo's 34 requests for production of documents on the basis that they request privileged attorney work product. As to 16 of those objections (Nos. 2, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 23, 24), Plaintiff provided an identical boilerplate objection that the requests "invade[] the attorney's work product," "request information obtained in the course of an investigation," and "request[] communications between agents and parties and in anticipation of litigation." This objection is egregious for a number of reasons: (1) in none of the



objection is applicable, (2) Plaintiff failed to provide a privilege log, as required by the Federal Rules of Civil Procedure, containing "sufficient information to permit courts and other parties to 'test[ ] the merits of' the privilege claim,"[4] (3) this objection is used for requests seeking categories of documents that obviously include fundamentally relevant, non-privileged information, (4) Plaintiff provides no legal or factual basis for her position that documents are immune from discovery simply because they were obtained during Plaintiff's investigation in this lawsuit (for example, documents obtained from Plaintiff that were not created for this litigation and documents obtained from third parties obviously are not immune), and (5) Plaintiff does not explain, for any of the requests, how communications "between agents and parties" (i.e., including communications with third parties, and not just limited to communications between Plaintiff and her attorney) in anticipation of litigation are protected from disclosure.

Although Plaintiff provides responses to many of the requests to which she objects based on work product, she does so only subject to and reserving her improper objections. It is therefore impossible for Sodexo to know whether documents have been withheld and which documents have been withheld based on these objections that are inappropriate due to the Court's guidance that they are waived.

The following are just a few examples of Plaintiff's improper use of the work product objection:

- Plaintiff objects to producing documents (such as emails) referencing statements and conversations relating to the events alleged in her Complaint (RFP No. 2) on the basis that the request invades her attorney's work product, seeks information obtained in the course of an investigation, and seeks communications "between agents and parties and in anticipation of litigation." As with every other use of this objection by Plaintiff, Plaintiff provides no specific basis for the objection, no privilege log, and leaves Sodexo having no idea whether documents have been withheld and, if so, which documents. To make matters worse, this request obviously seeks a broad swath of non-privileged information fundamentally relevant to Plaintiff's lawsuit.

- Citing the same work product objections, Plaintiff objects to producing documents relating to specific paragraphs in her Complaint in which she alleges she was discriminated against based on her race (RFP No. 8). To put it mildly, asking Plaintiff to produce documents supporting that she was discriminated against based on race in her race discrimination lawsuit is unquestionably reasonable as this claim lies at the heart of this case, and any objection to such a request based on a privilege must be specific and must identify the documents that are supposedly privileged.

---

[4] *See* Fed. R. Civ. P. 34; *EEOC v. BDO USA, LLP*, 876 F.3d 690, 697 (5th Cir. 2017) (citing *United States v. El Paso Co.*, 682 F.2d 530, 541 (5th Cir. 1982). Not only did Plaintiff's counsel not provide a privilege log, she specifically rejected Sodexo's counsel's request that she submit one (claiming she is not required to do so). Exhibit C.



FRILOT | LLC

ATTORNEYS AT LAW

- The same is true for RFP No. 9, which asks Plaintiff to produce documents relating to her allegation that she was retaliated against based on her "inquires about pay rate, job classification, promotion, and contacting the company's 1800 number," RFP No. 11, which asks Plaintiff to produce all documents relating to her allegation that "other similarly situated Caucasian employees were treated more favorably than [her]," and RFP No. 14, which asks Plaintiff to produce documents relating to her allegation that she engaged in "protected activity." As to all of these requests, Sodexo is asking for fundamentally relevant documents, but its requests are being met with repeated, boilerplate, unsupported privilege objections that leave it impossible for Sodexo to know if responsive documents have been withheld and whether such withholding was proper.[5]

- Incredibly, and perhaps most disturbingly in the context of what has happened in this case, Plaintiff claims Sodexo's request that she produce statements (draft or final, signed or unsigned) that she has received from any other person related to the matters alleged in the Complaint (RFP No. 19) "invades the attorney's work product," seeks "information obtained in the course of an investigation" and seeks communications that took place in anticipation of litigation. Resting entirely on this objection, Plaintiff produced no documents in response to this request. Plaintiff's objection is invalid because, by requesting "statements" that Plaintiff "received" from others, this request makes clear on its face that it only seeks non-privileged information. Plaintiff's objection is even more concerning and improper when considered in the context of this specific request – and the fact that we know Plaintiff submitted her own and Carrie Robinson's statement to the EEOC in connection with her EEOC charge.

- Sodexo's request for witness statements is even more justified because Sodexo has raised serious concerns in briefing on its pending Motion for Rule 11 Sanctions (R. Docs. 25 and 37) regarding a statement purportedly written by a third party (Carrie Robinson) that Plaintiff has represented to the Court she only recently discovered. As set forth in Sodexo's briefing, there is evidence Plaintiff has known about that statement for years and, in fact, submitted the statement herself to the EEOC. There is also evidence the third-party statement in question was not actually written by the third-party it purports to have been written by, but was instead written by Plaintiff without the third party's authorization and submitted fraudulently to the EEOC. In light of this, Plaintiff must produce all iterations of this statement (in addition to any other documents in Plaintiff's possession that are response to RFP No. 19).

---

[5] The "copy and paste" nature of Plaintiff's boilerplate privilege objections is only emphasized by the fact that Plaintiff repeatedly uses the word "interrogatory" in the same place for each response to these RFPs.



## B. Improper, Boilerplate "Burdensome and Oppressive" Objections

Plaintiff improperly objected to a number of requests for production on the basis that they are "unduly burdensome and oppressive." For example, Plaintiff claims it is burdensome and oppressive for Sodexo to ask her to produce communications in her possession between her and Sodexo relating to her job performance, complaints about her treatment by Sodexo, and her termination (RFP No. 5). She also claims it is burdensome and oppressive for Sodexo to ask her to produce documents related to warnings, counseling and disciplinary actions she received during her employment with Sodexo (RFP. No. 6). If Plaintiff has no documents in her possession on these subjects, she can say so, but she must articulate a specific basis to object based on burden and oppression and she has completely failed to do so.

## C. Additional Improper Objections

Some additional improper objections to Sodexo's RFPs include:

- Plaintiff objected to RFP No. 2 on the basis that it invades her attorney's work product. At the end of her objection, Plaintiff states: "Without waiving this objection and in the abundance of caution, the Plaintiff submits the following:" However, Plaintiff did not submit anything. There is no text or reference to documents following that sentence.

- Plaintiff objected to RFP No. 22, in which Sodexo requested all documents or communications Plaintiff sent to or received from the EEOC regarding the complaint she filed with the EEOC about her employment with Sodexo, on the basis that the request "seeks investigative privilege," including information concerning an investigation in anticipation of litigation. But there is no such legal doctrine as "investigative privilege." And, it would be highly and unfairly prejudicial to all parties in litigation if any party could refuse to produce relevant documents simply because the lawyers found them during the course of investigation. In fact, most relevant documents in every case are found precisely due to legal investigation. Moreover, Plaintiff provides no basis for her assertion that her communications to and from the EEOC, a third party that is not pursuing a lawsuit on her behalf, could be immune from disclosure under the work product privilege.

- Plaintiff objects to Sodexo's simple request that she produce her most recent paycheck stub from her current employer(s) on the basis that her "investigation is ongoing and it is likely that plaintiff will ascertain additional details relevant to this request during discovery." This objection makes no sense. Plaintiff is either in possession of her most recent paycheck stub or she isn't. Although Plaintiff produced a document subject to this objection, the objection nevertheless makes clear Plaintiff is playing a game making this type of objection to this type of request.



**Deficiencies in Authorizations for Third-Party Record**

On May 23, 2023, Plaintiff provided Sodexo signed authorizations to obtain medical records from two of her physicians, Dr. Robert Moon and Dr. Earl Peeper. Those authorizations were deficient because they did not include the addresses of the health care providers, Plaintiff's current address, and Plaintiff's current telephone number. On June 2, 2023, Plaintiff provided a corrected authorization for Dr. Peeper but not for Dr. Moon. Plaintiff has therefore still, inexplicably, failed to provide a proper authorization for Sodexo to obtain records from Dr. Moon.

**An Award of Attorneys' Fees Is Wholly Justified**

In its Motion to Compel, Sodexo asked the Court to award attorneys' fees due to Plaintiff's counsel's lengthy pattern of obstructionist and delaying tactics in responding to discovery. While the Court during the motion to compel hearing stated that it would take that request under submission, its Order did not mention an attorney's fees. However, in view of opposing counsel's continued obstruction and delay, ignoring the Court's instruction at hearing and violation of its Order, it would now be wholly warranted to award fees that Sodexo incurred in pursuing the motion to compel.

Moreover, as Plaintiff's counsel has so egregiously ignored the Court's guidance at the hearing and violated its Order and guidance, it would also be completely appropriate to award Sodexo its attorneys' fees incurred in preparing this letter to identify the most glaring of the deficiencies in the Responses. *See McGee v. Arkel International, LLC*, No. 08-4704, 2010 WL 11538546, at *2 (E.D. La. Jan. 29, 2010) (Roby, J.) (explaining "Rule 37(b)(2)(A) provides for sanctions for violation of a Court's discovery order, and requires the Court to 'order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust'"); *Moore v. Capital One, N.A.*, No. 14-3282, 2016 WL 3745675, at *3 (N.D. Tex. July 13, 2016) (same).

**Conclusion**

Sodexo has been waiting for Plaintiff's discovery responses for almost <u>five months</u>. During that time, Plaintiff has insisted that Sodexo should not be concerned with her delay because she would provide responses on May 31, 2023. Plaintiff even represented to the Court that she would provide responses on May 31. Nevertheless, Plaintiff did <u>not</u> provide her responses on May 31, instead waiting until the night of Friday, June 2, 2023, to unfairly prevent Sodexo from having a full business day assess and develop its letter to the Court about the pervasive deficiencies of the Responses. Moreover, the Responses are grossly deficient such that Sodexo is significantly prejudiced with respect to the Scheduling Order, Plaintiff's upcoming June 22, 2023 deposition (which deposition Sodexo had been trying to schedule for seven months), and the attorneys' fees it incurred in moving to compel discovery responses, reviewing the incomplete and boilerplate objection-riddled responses and preparing this letter.



ATTORNEYS AT LAW

For these reasons, Sodexo respectfully requests the Court enter an order stating that:

1. Plaintiff's objections to Sodexo's interrogatories and requests for production of documents, other than <u>valid</u> objections based on attorney-client privilege and work product, are deemed waived (or, alternatively, stating those objections are improper and overruling them);

2. Plaintiff's objections to Sodexo's interrogatories and requests for production of documents based on the work product and/or attorney-client privilege are improper and overruled (or, alternatively, stating Plaintiff is required to immediately submit a privilege log and redraft and submit her discovery responses by June 11, 2023, to confirm that no documents have been withheld that are not specifically referenced in the privilege log);

3. Plaintiff must re-submit complete responses without objection that include Plaintiff's verification of answers to interrogatories confirming their truthfulness;

4. Sodexo is awarded its reasonable attorneys' fees incurred in preparing and arguing its motion to compel; and

5. Sodexo is awarded its reasonable attorneys' fees incurred in reviewing and analyzing Plaintiff's grossly inadequate Responses and preparing this letter, as such Responses were not only wholly deficient but were not compliant with this Court's guidance at the hearing on Sodexo's motion to compel and the Court's Order of May 24, 2023.

Sincerely,

Leslie W. Ehret

cc (by email):
Plaintiff, through her counsel of record,
JP Gorham
jpgorham@gorhamlawfirm.com

10

**From:** Ehret, Leslie W.
**Sent:** Wednesday, May 31, 2023 4:09 PM
**To:** JP Gorham <jpgorham@gorhamlawfirm.com>; J.P. Gorham <jpgorham.legal@gmail.com>
**Cc:** Castoriano, Ben <Bcastoriano@frilot.com>; Graham, Victoria <vgraham@frilot.com>
**Subject:** FW: Activity in Case 2:21-cv-02373-SSV-KWR Fleury v. Sodexo, Inc Motion Hearing

Dear JP:

I received this afternoon the Court's amended order addressing certain authorizations. The order says, "It was brought to the court's attention that the previously issued order lacked clarity ...." I am not sure what prompted the court's attention to this (and am certainly not making any accusations); however, I am simply writing to ask that, in the future, I be included on any contact with the court – particularly contacts that result in modified orders. Thank you for your professional courtesies in this regard.

Given the absence of any discussion of the discovery responses (as opposed to the authorizations) in the amended order, I assume the prior order stands that your complete responses to discovery (except the authorizations discussed in the amended order) are due today.

If you have a different understanding based on any discussions with the court, please let me know so that we can arrange a call together to seek clarification.

Thanks and all the best,
Leslie

Leslie W. Ehret
Frilot LLC
1100 Poydras Street
Suite 3700
New Orleans, LA. 70163
504-599-8203

**From:** Efile_Notice@laed.uscourts.gov <Efile_Notice@laed.uscourts.gov>
**Sent:** Wednesday, May 31, 2023 1:35 PM
**To:** Efile_Information@laed.uscourts.gov
**Subject:** Activity in Case 2:21-cv-02373-SSV-KWR Fleury v. Sodexo, Inc Motion Hearing

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

**U.S. District Court**

**Eastern District of Louisiana**

EXHIBIT
A

**Notice of Electronic Filing**

1

The following transaction was entered on 5/31/2023 at 1:35 PM CDT and filed on 5/24/2023

**Case Name:**      Fleury v. Sodexo, Inc

**Case Number:**    2:21-cv-02373-SSV-KWR

**Filer:**

**Document Number:** 43

**Docket Text:**
**Amended Minute Order: Proceedings held before Magistrate Judge Karen Wells Roby on 5/24/2023 regarding [31] MOTION to Compel Responses to Discovery Requests. IT IS ORDERED that the Plaintiff shall produce completed Tax Records Authorizations. The plaintiff shall produce a completed Social Security, Unemployment and HIPPA authorization forms for the period of 2017-2022. The deadline for compliance has been extended to Friday, 6/2/2023. FURTHER ORDERED That Defense counsel shall detail in writing by letter brief to the Court at eFile-Roby@laed.uscourts.gov and opposing counsel, any issues with authorization forms to Plaintiff's counsel and deficiencies with Plaintiff's discovery responses no later than Monday, 6/5/2023, at 5:00 p.m.. FURTHER ORDERED THAT Plaintiffs' counsel will submit any response to Defense counsels letter brief no later than Tuesday, 6/6/2023, by 12:00 p.m. FURTHER ORDERED that a follow up status conference will be held on 6/7/2023, at 10:00 a.m. by telephone. (Court Reporter Nichelle Drake.) (lb)**

**2:21-cv-02373-SSV-KWR Notice has been electronically mailed to:**

Leslie Weill Ehret      lehret@frilot.com, dgregory@frilot.com, vgraham@frilot.com

Benjamin Melvin Castoriano      bcastoriano@frilot.com, awittington@frilot.com, vgraham@frilot.com

JP Gorham      jpgorham.legal@gmail.com, jpgorham@gorhamlawfirm.com, s.mackay@gorhamlawfirm.com

**2:21-cv-02373-SSV-KWR Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1091133085 [Date=5/31/2023] [FileNumber=11913806-0] [28c17c7b3f979bb94a24232434401ab5bb4c90327f8c66a56615efae4fffbae9c8 81d9a034bd5589df45a9c8e714dec86f64bf86d19ccf4814455819338e3a92]]

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BIONCA FLEURY,** | **Case No.:** 2:21-cv-02373 |
| Plaintiff | **Judge:** Sarah S. Vance |
| **vs.** | |
| **SODEXO, INC.,** | **Magistrate Judge:** Karen Wells Roby |
| Defendant | **Jury Trial Requested** |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**PLAINTIFF'S RESPONSES TO DEFENDANT'S INTERROGATORIES**

**TO:** Sodexo, Inc, through its attorney of record:
Leslie W. Ehret (La. Bar No. 18494)
Benjamin M. Castoriano (La. Bar No. 31093)
lehret@frilot.com
bcastoriano@frilot.com
FRILOT L.L.C.
1100 Poydras Street, Suite 3800
New Orleans, Louisiana 70163
Tel.: (504) 599-8203; Fax: (504) 599-8263

COMES NOW, Plaintiff, Bionca Fleury ("Fleury") by and through her undersigned counsel, and hereby responds to Defendant's Interrogatories as follows:

Plaintiff counsel asserts a general objection of attorney client privilege/work product or other relevant privilege for any information inadvertently disclosed while answering these interrogatories.

1.      Describe your employment history (including self-employment) for the past ten (10) years, including, but not limited to, the name and address of the employer, name of your immediate supervisor, inclusive dates of employment, nature of employment, rate of pay, and the reason(s) for the termination of your employment.

┌─────────────┐
**EXHIBIT**

**B**
└─────────────┘

**Response to Interrogatory No. 1**

Objection. This interrogatory is overly broad and unduly burdensome. Ms. Fleury cannot recall all employers for the past 10 years. Moreover, in light of the Court's amended order on May 31, 2023, limiting the disclosure time frame to 2017-2022, Plaintiff will respond accordingly. However, without waiving these objections and in the abundance of caution, Ms. Fleury submits that, to the best of her recollection, at this time, the following:

1. Name: Burger King- Brooks Restaurant Corporation
2. Address: 3102 Elysian Fields Ave. New Orleans, La. 70122
3. Supervisor: Toni Zardies
4. Dates: August 2015- September 2017
5. Nature: Assistant Manager
6. Pay: Approximately $10/hr (guaranteed overtime every week)
7. Termination: I left for a better employment opportunity

1. Name: Sodexo, Inc.
2. Address: Uno Campus 2000 Lakeshore Dr.
3. Supervisor: Henry Schiro
4. Dates: September 2017- December 2019
5. Nature: Data Entry/ Unit Clerk maximo specialists, receptionist
6. Pay: Approximately $17/hr
7. Termination: Wrongful termination

1. Name: Westaff Temp Agency @ LSU Housing
2. Address: 111 Veterans Blvd Suite 720, Metairie, LA 70005
3. Supervisor: I don't recall at this time.
4. Dates: October 2020-January 2021
5. Nature: Secretary Specialist
6. Pay: Approximately $12.00/hr
7. Termination: I left for a better employment opportunity.

1. Name: Dillard University
2. Address: 2601 Gentilly Blvd Student Union Suite 236
3. Supervisor: Dr. Courtney Williams
4. Dates: January 2021 – present
5. Nature: Administrative Assistant for Dean of Students
6. Pay: $35,800/yr with opportunity for overtime
7. Termination: N/A

2.      State whether you have ever been arrested, indicted, plead guilty, or been convicted of any crime (other than minor traffic tickets). If the answer is yes, for each offense involved, state: (a) the offense; (b) the date and place of such arrest, plea or conviction; (c) the name and address of each court involved; and (d) the court case number.

**Response to Interrogatory No. 2**

Objection. This interrogatory is irrelevant, overly broad, unduly burdensome and has no limitation on time period. Further, it seeks information not reasonably calculated to lead to admissible evidence. Without waiving these objections, Ms. Fleury shows that, to the best of her recollection the following:

No.

3.      Identify each person, other than a person intended to be called as an expert witness at trial, having information that tends to support a position that you have taken or intend to take in this action (including, but not limited to, the allegations in your Complaint), including any claim for damages, and state the subject matter of the information possessed by that person.

**Response to Interrogatory No. 3**

Objection. Plaintiff objects to this interrogatory to the extent that is premature in calling for a contention on the part of Plaintiff when discovery has not been substantially completed to enable the Plaintiff to adequately respond. Without waiving this objection and in the abundance of caution, the Plaintiff submits the following:

Plaintiff's investigation is ongoing and it is likely that plaintiff will ascertain additional details relevant to this interrogatory during discovery. However, Plaintiff reserves the right to supplement and/or amend this interrogatory at a later time. In the abundance of caution, plaintiff submits the following:

1.      Carrie Robinson- who may have knowledge of circumstances surrounding Plaintiff's employment, employment history and/or termination from Sodexo.

2.      Taylor Blanchard- who may have knowledge of the interactions and relationships between the Plaintiff and certain Sodexo employees and personal knowledge of circumstances surrounding the allegations in the complaint.

3.      Terry Hilliard- has knowledge of my efforts to sufficiently and effectively train Sama Arthur and knowledge of my decisions to appropriately handle my employment matters relating to my promotion and pay.

4.      Any other current or former Sodexo employee who has knowledge of Plaintiff's employment history or of the facts and circumstances regarding Plaintiff's allegations against Sodexo including but not limited to events that led to the termination of the Plaintiff.

5.      Any other witness found through the discovery process who may have knowledge of the facts and circumstances regarding Plaintiff's claims against Sodexo.

6.      Any witness necessary and who may be a character witness for Plaintiff.

7.      Any witnesses necessary to authenticate any documents.

8.      Any additional witnesses identified in the Defendant's Initial Disclosures or in any other way identified by Defendant.


4.      Identify all persons with knowledge, or whom you believe may have knowledge, and describe what you believe their knowledge to be, relating to your claim in Paragraph 10 of the Complaint that, "[o]n November 22, 2019, [you were], without any previous warning or previous notice, abruptly suspended from [your] position."

**Response to Interrogatory No. 4**

Objection. Plaintiff objects to this interrogatory to the extent that is premature in calling for a contention on the part of Plaintiff when discovery has not been substantially completed to enable the Plaintiff to adequately respond. Without waiving this objection and in the abundance of caution, the Plaintiff submits the following:

Plaintiff's investigation is ongoing and it is likely that plaintiff will ascertain additional details relevant to this interrogatory during discovery. However, Plaintiff reserves the right to supplement and/or amend this interrogatory at a later time. In the abundance of caution, plaintiff submits the following:

- Carrie Robinson- who may have knowledge of circumstances surrounding the Plaintiff's employment, employment history and/or termination from Sodexo.

- Henry Schiro- who was the Plaintiff's supervisor and may have knowledge of circumstances surrounding the Plaintiff's employment, employment history and/or termination from Sodexo.

- Lisa Voskuhl - may have knowledge of the circumstances surrounding this allegation as the signer of the notice of suspension.

5.   Identify all persons with knowledge, or whom you believe may have knowledge, and describe what you believe their knowledge to be, relating to your claim in Paragraph 11 of the Complaint that, "Ms. Arthur falsely alleged that Fleury's conduct was ongoing since her employment began a month earlier in October of 2019. However, Ms. Arthur never made any previous allegations against Fleury before this time."

<u>**Response to Interrogatory No. 5**</u>

Objection. Plaintiff objects to this interrogatory to the extent that is premature in calling for a contention on the part of Plaintiff when discovery has not been substantially

completed to enable the Plaintiff to adequately respond. Without waiving this objection and in the abundance of caution, the Plaintiff submits the following:

Plaintiff's investigation is ongoing and it is likely that plaintiff will ascertain additional details relevant to this interrogatory during discovery. However, Plaintiff reserves the right to supplement and/or amend this interrogatory at a later time. In the abundance of caution, plaintiff submits the following:

- Bionca_Fleury- who has knowledge of the interactions and relationships between she and certain Sodexo employees and personal knowledge of circumstances surrounding this allegation in the complaint.
- Carrie Robinson- who may have knowledge of the interactions and relationships between the Plaintiff and certain Sodexo employees and personal knowledge of circumstances surrounding this allegation in the complaint.
- Taylor Blanchard- who may have knowledge of the interactions and relationships between the Plaintiff and certain Sodexo employees and personal knowledge of circumstances surrounding this allegation in the complaint.

6.      Identify all persons with knowledge, or whom you believe may have knowledge, and describe what you believe their knowledge to be, relating to your claim in Paragraph 13 of the Complaint that, "Ms. Arthur was hired at a pay rate greater than that of Fleury for the same position as Unit Clerical. Specifically, Ms. Arthur was hired at a pay rate of $16.50 per hour, while Fleury was previously promoted in March of 2018 and assigned a pay rate of $15 per hour for the same position of which Fleury had been performing for several months."

**Response to Interrogatory No. 6**

Objection. Plaintiff objects to this interrogatory to the extent that is premature in calling for a contention on the part of Plaintiff when discovery has not been substantially completed to enable the Plaintiff to adequately respond. Without waiving this objection and in the abundance of caution, the Plaintiff submits the following:

Plaintiff's investigation is ongoing and it is likely that plaintiff will ascertain additional details relevant to this interrogatory during discovery. However, Plaintiff reserves the right to supplement and/or amend this interrogatory at a later time. In the abundance of caution, plaintiff submits the following:

- Ms. Carrie Robinson- knowledge about the pay discrepancies.

7.      Identify all persons with knowledge, or whom you believe may have knowledge, and describe what you believe their knowledge to be, relating to your claim in Paragraph 14 of the Complaint that, "[you] had been promised by [your] supervisor, Henry Schiro, that [you] would be promoted to a more superior position over Ms. Arthur, upon completion of Ms. Arthur being hired."

**Response to Interrogatory No. 7**

Objection. Plaintiff objects to this interrogatory to the extent that is premature in calling for a contention on the part of Plaintiff when discovery has not been substantially completed to enable the Plaintiff to adequately respond. Without waiving this objection and in the abundance of caution, the Plaintiff submits the following:

Plaintiff's investigation is ongoing and it is likely that plaintiff will ascertain additional details relevant to this interrogatory during discovery. However, Plaintiff reserves the right to supplement and/or amend this interrogatory at a later time. In the abundance of caution, plaintiff submits the following:

- Ms. Carrie - knowledge of the aforementioned conversation surrounding this allegation, that the conversation took place, and that promises were made.

- Henry Schiro - knowledge of the aforementioned conversation surrounding this allegation, that the conversation took place, and that promises were made.

- Lisa Voskuhl- knowledge of the aforementioned conversation surrounding this allegation, that the conversation took place, and that promises were made.

8.      Identify all persons with knowledge, or whom you believe may have knowledge, and describe what you believe their knowledge to be, relating to your claim in Paragraph 15 of the Complaint that, "[you] contacted Sodexo company's 1-800 number and expressed [your] concern regarding the delay in [your] promotion and job classification" and "[you] had informed human resources that [your] payroll check was incorrect and not reflecting the correct payment."

### Response to Interrogatory No. 8

Objection. Plaintiff objects to this interrogatory to the extent that is premature in calling for a contention on the part of Plaintiff when discovery has not been substantially completed to enable the Plaintiff to adequately respond. Without waiving this objection and in the abundance of caution, the Plaintiff submits the following:

Plaintiff's investigation is ongoing and it is likely that plaintiff will ascertain additional details relevant to this interrogatory during discovery. However, Plaintiff reserves the right to supplement and/or amend this interrogatory at a later time. In the abundance of caution, plaintiff submits the following:

- Carrie Robinson- had knowledge of the phone call with Sodexo 1-800 employee hotline.

- Henry Schiro- had knowledge of the phone call with Sodexo 1-800 employee hotline.

- Lisa Voskuhl- had knowledge of the phone call with Sodexo 1-800 employee hotline.

9.   Identify all persons with knowledge, or whom you believe may have knowledge, and describe what you believe their knowledge to be, relating to your claim in Paragraph 16 of the Complaint that, "[you were] later informed that [you] did not qualify for the promotion because [you] lacked the requisite time of employment to qualify for the position" and that you "learned that the requisite period was two years."

**Response to Interrogatory No. 9**

Objection. Plaintiff objects to this interrogatory to the extent that is premature in calling for a contention on the part of Plaintiff when discovery has not been substantially completed to enable the Plaintiff to adequately respond. Without waiving this objection and in the abundance of caution, the Plaintiff submits the following:

Plaintiff's investigation is ongoing and it is likely that plaintiff will ascertain additional details relevant to this interrogatory during discovery. However, Plaintiff reserves the right to supplement and/or amend this interrogatory at a later time. In the abundance of caution, plaintiff submits the following:

- Lisa Voshkul- was the person who informed me that I did not have the requisite time

- Carrie Robinson- was aware of the communication when I was informed that I did not have the requisite time.

10.   Identify all persons with knowledge, or whom you believe may have knowledge, and describe what you believe their knowledge to be, relating to your claim in Paragraph 21 of the Complaint that "upon [your] termination, [you were] replaced by Ms. Arthur, who is a Caucasian female."

**Response to Interrogatory No. 10**

Objection. Plaintiff objects to this interrogatory to the extent that is premature in calling for a contention on the part of Plaintiff when discovery has not been substantially completed to enable the Plaintiff to adequately respond. Without waiving this objection and in the abundance of caution, the Plaintiff submits the following:

Plaintiff's investigation is ongoing and it is likely that plaintiff will ascertain additional details relevant to this interrogatory during discovery. However, Plaintiff reserves the right to supplement and/or amend this interrogatory at a later time. In the abundance of caution, plaintiff submits the following:

- Carrie Robinson- has knowledge that Ms. Arthur replaced me.

11.     Identify all persons with knowledge, or whom you believe may have knowledge, and describe what you believe their knowledge to be, relating to your claim in Paragraph 22 of the Complaint that the actions taken by Sodexo "were in retaliation for [your] inquiries about pay rate, job classification, promotion, and contacting the company's 1800 number."

**Response to Interrogatory No. 11**

Objection. Plaintiff objects to this interrogatory to the extent that is premature in calling for a contention on the part of Plaintiff when discovery has not been substantially completed to enable the Plaintiff to adequately respond. Without waiving this objection and in the abundance of caution, the Plaintiff submits the following:

Plaintiff's investigation is ongoing and it is likely that plaintiff will ascertain additional details relevant to this interrogatory during discovery. However, Plaintiff reserves the right to supplement and/or amend this interrogatory at a later time. In the abundance of caution, plaintiff submits the following:

- Carrie Robinson- has knowledge that I was terminated in retaliation for my pay discrepancy inquires, job classification, promotion, and contacting the company's 1800 number.

12.    Identify all persons with knowledge, or whom you believe may have knowledge, and describe what you believe their knowledge to be, relating to your claim in Paragraph 23 of the Complaint that you were discriminated against based upon race since other similarly situated Caucasian employees were treated more favorably than [you]." Your answers to this interrogatory should include, but should in no way be limited to, your identification of the "other similarly situated Caucasian employees" who were "treated more favorably than you" as alleged in Paragraph 23 of the Complaint.

**Response to Interrogatory No. 12**

Objection. Plaintiff objects to this interrogatory to the extent that is premature in calling for a contention on the part of Plaintiff when discovery has not been substantially completed to enable the Plaintiff to adequately respond. Without waiving this objection and in the abundance of caution, the Plaintiff submits the following:

Plaintiff's investigation is ongoing and it is likely that plaintiff will ascertain additional details relevant to this interrogatory during discovery. However, Plaintiff reserves the right to supplement and/or amend this interrogatory at a later time. In the abundance of caution, plaintiff submits the following:

- Person(s) who has knowledge: Ms. Carrie- has knowledge that other similarly situated Caucasian employees were treated more favorably than me.

- Identification of other similarly situated Caucasian employees who were "treated more favorably than me: Sama Arthur.

13.     Identify all e-mail addresses, phone numbers and social media accounts you have  used and/or to/from which you have sent or received electronic mail, text messages, social media messages, or other electronic information, including, but not limited to, photographs and videos,  and identify all corresponding internet, cellular and telephone service providers and/or websites  or "apps" from whom you have obtained service or used services at any time in the previous  five  (5)  years. For each e-mail address, phone number and social media account identified  in response to the previous interrogatory, state the time period during which you were actively using that e mail address, phone number and social media account.

    **Response to Interrogatory No. 13**

    Objection. This interrogatory is irrelevant, overly broad and unduly burdensome. Ms. Fleury cannot recall all email addresses, phone numbers, and social media for the past 5 years or the details on when such was used most actively. Further, it seeks information not reasonably calculated to lead to admissible evidence. However, without waiving these objections and in the abundance of caution, Ms. Fleury submits that, to the best of  her recollection, at this time, the following are email addresses, phone numbers, and social media for the past 5 years:

- **Email addresses**: blfeury@sodexo.com(Time period: During employment  ) bfleury1223@gmail.com (Time period: current, cannot recall most active)
- **Phone Number**: 504-762-0446 Sprint (Time period: current, cannot recall most active)
- **Social Media Accounts**:  Facebook,  Instagram (Time period: current, cannot recall most active)

14.     Identify all doctors and/or health care providers, including, without limitation, doctors of medicine, osteopaths, chiropractors, psychologists, psychiatrists or counselors  who have provided any testing, counseling or treatment to you for any reason at any time in the past ten (10) years.

**Response to Interrogatory No. 14**

Objection. This interrogatory is overly broad and unduly burdensome. Ms. Fleury cannot recall all health care providers who have treated her in the past 10 years. Further, this information may be better obtained within the named health care provider's medical records, which is the best evidence of its content. Moreover, in light of the Court's amended order on May 31, 2023, limiting the disclosure time frame to 2017-2022, Plaintiff will respond accordingly. Without waiving these objections, Ms. Fleury shows that, to the best of her recollection at this time she has been treated by the following health care providers:

Plaintiff's investigation is ongoing and it is likely that plaintiff will ascertain additional details relevant to this interrogatory during discovery. However, Plaintiff reserves the right to supplement and/or amend this interrogatory at a later time. In the abundance of caution, plaintiff submits the following:

- Dr. Earl Peeper
- Dr. Emily Murphy

15.    Identify all doctors and/or health care providers, including, without limitation, doctors of medicine, osteopaths, chiropractors, psychologists, psychiatrists or counselors who have provided any testing, counseling or treatment to you for any emotional distress or any other physical or mental damage you claim to have suffered as a result of the allegations set forth in the Complaint.

**Response to Interrogatory No. 15**

Plaintiff's investigation is ongoing and it is likely that plaintiff will ascertain additional details relevant to this interrogatory during discovery. However, Plaintiff reserves the right to supplement and/or amend this interrogatory at a later time. In the abundance of caution, plaintiff submits the following:

None at this time.

16.     Identify each medication taken by or prescribed to you during the last ten (10) years, the purpose of each such medication, the prescribing health care provider, the dosage(s) taken of or prescribed for each such medication, and the dates during which you took each such medication.

**Response to Interrogatory No. 16**

Objection. This interrogatory is overly broad and unduly burdensome. Ms. Fleury cannot recall all medication taken by or prescribed to her, the prescribing health care provider, the dosage(s) taken of or prescribed for each such medication, and the dates during which she may have took each such medication during the last ten (10) years. Further, this information may be better obtained within the named health care provider's medical records, which is the best evidence of its content. Moreover, in light of the Court's amended order on May 31, 2023, limiting the disclosure time frame to 2017-2022, Plaintiff will respond accordingly. Without waiving these objections, Ms. Fleury shows that, to the best of her recollection at this time the following:

Plaintiff's investigation is ongoing and it is likely that plaintiff will ascertain additional details relevant to this interrogatory during discovery. However, Plaintiff reserves the right to supplement and/or amend this interrogatory at a later time. In the abundance of caution, plaintiff submits the following:

I do not recall being prescribed any medicines.

17.     Have you purchased any benefits to replace any benefits you had or to which you would have been entitled if you had not been terminated by Defendant? If yes, state what benefits you have purchased and the cost for each benefit purchased.

**Response to Interrogatory No. 17**

Plaintiff reserves the right to supplement and/or amend this interrogatory at a later time if during discovery she discovers additional replaced benefits. However, to the best of her recollection at this time and in the abundance of caution, Ms. Fleury submits the following:

- Dental Care $25.00 per month

18.    With regard to your claim for back pay damages, identify and/or explain the following (using the date of your separation from Sodexo through the present as the applicable time period):

    a.  all employment agencies and/or placement firms which you contacted, submitted resumes or applications to, and/or had interviews with, and the dates thereof;

    b.  any employers with whom you had interviews, submitted resumes, completed applications and/or received job offers and the dates thereof;

    c.  any other employers as to whom inquiries were made regarding possible employment and the dates thereof;

    d.  the position sought and its compensation with respect to each employer identified in response to sections (a) and (b) above;

    e.  all documents that refer or relate in any manner to any of your efforts to obtain employment, which are described above.

**<u>Response to Interrogatory No. 18</u>**

Objection. This interrogatory is overly broad and unduly burdensome. Ms. Fleury cannot recall the details of all of her job efforts after her termination from Sodexo in specific detail. However, without waiving these objections and in the abundance of caution, Ms. Fleury submits that, to the best of her recollection, at this time, the following is her general recollection:

My efforts to gain employment consisted of aggressive job searching as well as enrolling in school in order to gain additional skills while job searching.

In December 2019, I started submitting my resume on Indeed.com. Additionally, I enrolled to take online courses. Specifically, I took online Project Management classes with Med Certs. Subsequently, I registered with the Louisiana Workforce Commission to assist my efforts in finding job placement.

Moreover, as a result of some referrals, I was invited for an interview with ABM. Sometime later, I was offered a job with ABM; however, I declined because I was already employed. Prior to being offered a job with ABM, I went on other interviews with other companies. In October 2020, Westaff Temp agency hired me to work at LSU Housing. My position was a Secretary Specialist; however it was only a temporary position.

I continued to go on several other interviews during that time. Finally I was offered a permanent position in December 2020, at Dillard University, in the office of Student Engagement and leadership. I currently work there as an Administrative Assistant to Dean of Students.

19.    State all facts on which you base your claims in the Complaint for recovery of your attorneys' fees from Defendant, including but not limited to the amount and method of computation of any attorneys' fees you have paid or incurred but not paid to date, the identity of the person(s) to whom such fees were or will be paid, and the terms of your agreement with your attorney for payment of attorneys' fees.

**Response to Interrogatory No. 19**

Objection. Plaintiff objects to this interrogatory in that it inquires into matters protected from disclosure by attorney-client privilege. Further, this interrogatory calls for a narrative response. Without waiving this objection, and in the abundance of caution, the Plaintiff submits as follows:

.

Plaintiff's investigation is ongoing and it is likely that plaintiff will ascertain additional details relevant to this interrogatory during discovery. However, Plaintiff reserves the right to supplement and/or amend this interrogatory at a later time.

Plaintiff maintains that Plaintiff is entitled to relief under her claims against Sodexo, Inc., in excess of $75,000. The bases of this claim developed as a result of the wrongful and illegal discriminatory actions of the Defendant against the Plaintiff, resulting in her wrongful termination. Absent the above mentioned facts, the Plaintiff would not have retained legal representation or filed a legal proceeding against the Defendant.

20.     Identify the amount and source of all income or benefits that you received from any source in the last five (5) years, including but not limited to unemployment compensation, disability benefits, workers' compensation benefits, social security benefits, and any form of public assistance.

**Response to Interrogatory No. 20**

Objection. This interrogatory is overly broad and unduly burdensome. Ms. Fleury cannot recall the details of all sources of income or assistance for the past 5 years. However, without waiving these objections and in the abundance of caution, Ms. Fleury submits that, to the best of her recollection, at this time, the following:

- Terry Hilliard- $8,000 loan

- Rene Fleury- $6000 loan

- Unemployment-$247.00/week

- SNAP benefits -$547.00/month

- Mortgage Assistance LHAF- $25,000; $ 6,183.66

21.     Describe each charge, complaint or lawsuit you have filed with any federal, state,  or local agency or court (other than this lawsuit), including but not limited to the identity of the agency or court, the date of filing and docket number of each such charge, complaint or lawsuit and each allegation contained therein, the present status of each charge, complaint or lawsuit and, if it has been concluded, the nature of the disposition and the identity of any attorney representing you in each charge or complaint. Your answer should include, but should not be limited to, your identification of any bankruptcy proceeding you have ever filed in any court or governmental agency.

**Response to Interrogatory No. 21**

Objection. This interrogatory is overly broad, unduly burdensome, and has no limitation on time frame. However, without waiving these objections and in the abundance of caution, Ms. Fleury submits that, to the best of her recollection, at this time, the following:

- Plaintiff does not recall filing any other charge, complaint or lawsuit besides the instant matter.

22.     Describe in detail each judicial or administrative proceeding (other than this lawsuit) in which you have been involved as a witness or a party, including but to limited to the nature of the proceeding and your participation; the date of filing and docket number of each such proceeding; and the present status of each such proceeding and, if it has been concluded, the nature of the disposition.

**Response to Interrogatory No. 22**

Objection. This interrogatory is overly broad, unduly burdensome, and has no limitation on time frame. However, without waiving these objections and in the abundance of caution, Ms. Fleury submits that, to the best of her recollection, at this time, the following:

- I am being sued by Toyota Financial Services for the balance of a reposed vehicle after my termination from Defendant. Status of the proceeding: unknown; Date of filing: unknown; Docket Number: 2022-05996.

23.    State whether you have ever filed any claim for bankruptcy in any court or governmental agency.

    **Response to Interrogatory No. 23**

    To best of the Plaintiff's recollection, she has never filed bankruptcy.

*s/JP Gorham*

_____
JP Gorham (Bar # 31746)
JP Gorham Attorney At Law LLC
PO BOX 86928
Baton Rouge, LA 70879
225-341-5939 Office
504-957-3551 Direct
jgorham@gorhamlawfirm.com


**CERTIFICATE OF SERVICE**

    I do hereby certify that on or before the 2nd day of June 2023, I served a copy of the foregoing discovery responses on counsel for Defendant to this proceeding by either facsimile transmission, electronic mail, and/or by mailing same by United States mail, properly addressed, and regular postage prepaid.

*s/J.P. Gorham*

_____
JP Gorham, Esq.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**BIONCA FLEURY,**                                    **Case No.:** 2:21-cv-02373

Plaintiff                                                   **Judge:** Sarah S. Vance

      **vs.**

**SODEXO, INC.,**                                    **Magistrate Judge:** Karen Wells Roby

Defendant                                              **Jury Trial Requested**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**PLAINTIFF'S RESPONSES TO REQUEST FOR PRODUCTIONS**

**TO:** Sodexo, Inc, through its attorney of record:
Leslie W. Ehret (La. Bar No. 18494)
Benjamin M. Castoriano (La. Bar No. 31093)
lehret@frilot.com
bcastoriano@frilot.com
FRILOT L.L.C.
1100 Poydras Street, Suite 3800
New Orleans, Louisiana 70163
Tel.: (504) 599-8203; Fax: (504) 599-8263

COMES NOW, Plaintiff, Bionca Fleury ("Fleury") by and through her undersigned counsel, and hereby responds to Defendant's Request for Production as follows:

Plaintiff counsel asserts a general objection of attorney client privilege/work product or other relevant privilege for any information inadvertently disclosed while responding to these request for productions.

1. Produce all documents identified or referred to in Plaintiff's responses to Defendant's Interrogatories served on Plaintiff.

   **Response to RFP #1:**

Attached. (Fleury-000001-000090)

2.  Produce all documents including, but not limited to, diaries, journals, daytimers, calendars, chronologies, letters, cards, notes, memos, receipts, telephone answering machine tapes, or electronic mail messages, in which you recorded or documented any events, statements, conversations, occurrences, opinions, feelings or mental impressions relating to Defendant and/or the events alleged in the Complaint. If any of the above-described documents is stored electronically, produce a hard-copy printout of the document in full.

**Response to RFP #2:**

Objection. Plaintiff objects to this interrogatory to the extent that it invades the attorney's work product. Such information is protected in that it constitutes the mental impressions, conclusions, opinions or legal theories of Plaintiff's attorney. Further, it seeks to request information obtained in the course of an investigation, or requests communications between agents and parties and in anticipation of litigation. Without waiving this objection and in the abundance of caution, the Plaintiff submits the following:

3.  Produce all documents relating to your employment with Defendant.

**Response to RFP #3:**

Plaintiff objects to Defendant's wholesale request to produce all written documents. Further, the Plaintiff is unable to fully comply with this request because the items sought are not in the Plaintiff's actual or constructive possession, custody, or control. Plaintiff worked for the company for several years and does not possess all of the documents related to her employment with the Defendant in her possession. Further, the items requested are likely more in the Defendant's possession. Further, it seeks information in anticipation of litigation. Without waiving this objection and in the abundance of caution, the Plaintiff submits the following:

Plaintiff's investigation is ongoing and it is likely that plaintiff will ascertain additional details relevant to this request during discovery. However, Plaintiff reserves the right to supplement and/or amend this request at a later time. In the abundance of caution, plaintiff submits the following:

Attached. (Fleury-000025-000054); (Fleury-000060-000069)

4.  Produce all past and current resumes, recommendations, degrees, diplomas, certificates, transcripts, awards, evaluations, and other documents relating to your profession,

experience, education, achievements, ability, or qualifications to perform each position you held or sought to hold with Defendant.

**Response to RFP #4:**

Objection. Plaintiff objects to this request in that it is unduly burdensome and oppressive, and would more importantly be addressed by way of deposition. Without waiving this objection and in the abundance of caution, the Plaintiff submits the following:

Attached. (Fleury-000001-000002); (Fleury-000010-000017); (Fleury-000032-000052)

Plaintiff reserves the right to supplement and/or amend this request at a later time.

5.  Produce all documents relating to any communications between you and Defendant, at any time, relating to your job performance, personnel file, job responsibilities, promotion opportunities, pay, complaints regarding treatment by Defendant, or your cessation of employment with Defendant.

**Response to RFP #5:**

Objection. Plaintiff objects to this request in that it is unduly burdensome and oppressive. Plaintiff does not have all documents related to any communication with the Defendant at anytime. Further, the Plaintiff is unable to fully comply with this request because the items sought are not in the Plaintiff's actual or constructive possession, custody, or control. Further, the items requested are likely more in the Defendant's possession. Further, it seeks information in anticipation of litigation. Without waiving this objection and in the abundance of caution, the Plaintiff submits the following:

Plaintiff's investigation is ongoing and it is likely that plaintiff will ascertain additional details relevant to this request during discovery. However, Plaintiff reserves the right to supplement and/or amend this request at a later time. In the abundance of caution, plaintiff submits the following:

Attached. (Fleury-000062-000064); (Fleury-000067-000069)

6.  Produce all documents relating to any warning(s), counseling(s) or disciplinary action(s) you received during your employment.

**Response to RFP #6:**

Objection. Plaintiff objects to this request in that it is unduly burdensome and oppressive. Plaintiff does not have all documents related to any warning, counseling, or

disciplinary action. Further, the Plaintiff is unable to fully comply with this request because the items sought are not in the Plaintiff's actual or constructive possession, custody, or control. Further, the items requested are likely more in the Defendant's possession. Further, it seeks information in anticipation of litigation. Without waiving this objection and in the abundance of caution, the Plaintiff submits the following:

Plaintiff's investigation is ongoing and it is likely that plaintiff will ascertain additional details relevant to this request during discovery. However, Plaintiff reserves the right to supplement and/or amend this request at a later time. In the abundance of caution, plaintiff submits the following:

Attached. (Fleury-000067-000069)

7. Produce all documents relating to Sodexo's employment policies and procedures, including but not limited to policies and procedures relating to employee harassment, discrimination, retaliation and grievances, as well as employee conduct.

**Response to RFP #7:**
Objection. Plaintiff objects to this request in that it is unduly burdensome and oppressive. Plaintiff does not have all documents related to all Sodexo employment policies and procedures. Further, the Plaintiff is unable to comply with this request because the items sought are not in the Plaintiff's actual or constructive possession, custody, or control. Further, Plaintiff objects to this request in that it seeks investigative privilege. The information was obtained after there was good cause to believe suit would be filed, and as such, the information concerns investigation in anticipation of litigation and enjoys privilege. Additionally, the Defendant should have such documents in its own possession as the creator and deliver of such documents. Further, it seeks information in anticipation of litigation. Without waiving this objection and to the extent is not requesting privileged information, in the abundance of caution, the Plaintiff submits the following:

Plaintiff's investigation is ongoing and it is likely that plaintiff will ascertain additional details relevant to this request during discovery. However, Plaintiff reserves the right to supplement and/or amend this request at a later time. In the abundance of caution, plaintiff submits the following:

Attached. (Fleury-000067-000069)

8. Produce all documents relating to your claims, in Paragraphs 23, 27-29 and 45-47 of the Complaint, that you were discriminated against based on your race.

**Response to RFP #8:**

Plaintiff objects to this interrogatory to the extent that it invades the attorney's work product. Such information is protected in that it constitutes the mental impressions, conclusions, opinions or legal theories of Plaintiff's attorney. Further, it seeks to request information obtained in the course of an investigation, or requests communications between agents and parties and in anticipation of litigation. Further, it invades into the attorney's trial strategy, which violates work product. Without waiving this objection and in the abundance of caution, the Plaintiff submits the following:

Plaintiff's investigation is ongoing and it is likely that plaintiff will ascertain additional details relevant to this request during discovery. However, Plaintiff reserves the right to supplement and/or amend this request at a later time. In the abundance of caution, plaintiff submits the following:

Attached. (Fleury-000065-000066)

9. Produce all documents relating to your allegation, in Paragraph 22 of the Complaint, that you were retaliated against for your "inquiries about pay rate, job classification, promotion, and contacting the company's 1 800 number."

**Response to RFP #9:**

Plaintiff objects to this interrogatory to the extent that it invades the attorney's work product. Such information is protected in that it constitutes the mental impressions, conclusions, opinions or legal theories of Plaintiff's attorney. Further, it seeks to request information obtained in the course of an investigation, or requests communications between agents and parties and in anticipation of litigation. Further, it invades into the attorney's trial strategy, which violates work product. Without waiving this objection and in the abundance of caution, the Plaintiff submits the following:

Plaintiff's investigation is ongoing and it is likely that plaintiff will ascertain additional details relevant to this request during discovery. However, Plaintiff reserves the right to supplement and/or amend this request at a later time. In the abundance of caution, plaintiff submits the following:

Attached. (Fleury-000026-000030)

10. Produce all documents relating to your allegation, in Paragraph 23 of the Complaint, that you were "terminated based on false allegations allegedly asserted by Ms. Arthur against [you]."

**Response to RFP #10:**

Plaintiff objects to this interrogatory to the extent that it invades the attorney's work product. Such information is protected in that it constitutes the mental

impressions, conclusions, opinions or legal theories of Plaintiff's attorney. Further, it seeks to request information obtained in the course of an investigation, or requests communications between agents and parties and in anticipation of litigation. Further, it invades into the attorney's trial strategy, which violates work product. Without waiving this objection and in the abundance of caution, the Plaintiff submits the following:

Plaintiff's investigation is ongoing and it is likely that plaintiff will ascertain additional details relevant to this request during discovery. However, Plaintiff reserves the right to supplement and/or amend this request at a later time. In the abundance of caution, plaintiff submits the following:

Attached. (Fleury-000069-000074)

11. Produce all documents relating to your allegation, in Paragraph 23 of the Complaint, that "other similarly situated Caucasian employees were treated more favorably than [you]."

**Response to RFP #11:**

Plaintiff objects to this interrogatory to the extent that it invades the attorney's work product. Such information is protected in that it constitutes the mental impressions, conclusions, opinions or legal theories of Plaintiff's attorney. Further, it seeks to request information obtained in the course of an investigation, or requests communications between agents and parties and in anticipation of litigation. Further, it invades into the attorney's trial strategy, which violates work product. Without waiving this objection and in the abundance of caution, the Plaintiff submits the following:

Plaintiff's investigation is ongoing and it is likely that plaintiff will ascertain additional details relevant to this request during discovery. However, Plaintiff reserves the right to supplement and/or amend this request at a later time. In the abundance of caution, plaintiff submits the following:

Attached. (Fleury-000067-000069)

12. Produce all documents relating to your allegation, in Paragraph 27 of the Complaint, that Defendant "engaged in intentional race wage discrimination in the terms and conditions of [your] employment."

**Response to RFP #12:**

Plaintiff objects to this interrogatory to the extent that it invades the attorney's work product. Such information is protected in that it constitutes the mental impressions, conclusions, opinions or legal theories of Plaintiff's attorney. Further, it seeks to request information obtained in the course of an investigation, or requests communications between agents and parties and in anticipation of litigation. Further, it

invades into the attorney's trial strategy, which violates work product. Without waiving this objection and in the abundance of caution, the Plaintiff submits the following:

Plaintiff's investigation is ongoing and it is likely that plaintiff will ascertain additional details relevant to this request during discovery. However, Plaintiff reserves the right to supplement and/or amend this request at a later time. In the abundance of caution, plaintiff submits the following:

Attached. (Fleury-000018-000019);(Fleury-000026-000030)

13. Produce all documents relating to your allegation, in Paragraph 27 of the Complaint, that you were subjected to "wrongful retaliatory termination."

**Response to RFP #13:**
Plaintiff objects to this interrogatory to the extent that it invades the attorney's work product. Such information is protected in that it constitutes the mental impressions, conclusions, opinions or legal theories of Plaintiff's attorney. Further, it seeks to request information obtained in the course of an investigation, or requests communications between agents and parties and in anticipation of litigation. Further, it invades into the attorney's trial strategy, which violates work product. Without waiving this objection and in the abundance of caution, the Plaintiff submits the following:

Plaintiff's investigation is ongoing and it is likely that plaintiff will ascertain additional details relevant to this request during discovery. However, Plaintiff reserves the right to supplement and/or amend this request at a later time. In the abundance of caution, plaintiff submits the following:

Attached. (Fleury-000062-000064); (Fleury-000067-000069); (Fleury-000070-000074)

14. Produce all documents relating to your allegation, in Paragraph 37 of the Complaint, that you engaged in "protected activity."

**Response to RFP #14:**
Plaintiff objects to this interrogatory to the extent that it invades the attorney's work product. Such information is protected in that it constitutes the mental impressions, conclusions, opinions or legal theories of Plaintiff's attorney. Further, it seeks to request information obtained in the course of an investigation, or requests communications between agents and parties and in anticipation of litigation. Further, it invades into the attorney's trial strategy, which violates work product. Without waiving this objection and in the abundance of caution, the Plaintiff submits the following:

Plaintiff's investigation is ongoing and it is likely that plaintiff will ascertain additional details relevant to this request during discovery. However, Plaintiff reserves

the right to supplement and/or amend this request at a later time. In the abundance of caution, plaintiff submits the following:

Attached. (Fleury-000065-000066)

15. Produce all documents relating to your allegation, in Paragraph 50 of the Complaint, that you disclosed or threatened to disclose a violation of law.

**Response to RFP #15:**

Plaintiff objects to this interrogatory to the extent that it invades the attorney's work product. Such information is protected in that it constitutes the mental impressions, conclusions, opinions or legal theories of Plaintiff's attorney. Further, it seeks to request information obtained in the course of an investigation, or requests communications between agents and parties and in anticipation of litigation. Further, it invades into the attorney's trial strategy, which violates work product. Without waiving this objection and in the abundance of caution, the Plaintiff submits the following:

Plaintiff's investigation is ongoing and it is likely that plaintiff will ascertain additional details relevant to this request during discovery. However, Plaintiff reserves the right to supplement and/or amend this request at a later time. In the abundance of caution, plaintiff submits the following:

Attached. (Fleury-000065-000066); (Fleury-000086-000090)

16. Produce all documents relating to your allegation, in Paragraph 54-60 of the Complaint, that you were defamed by Defendant.

**Response to RFP #16:**

Plaintiff objects to this interrogatory to the extent that it invades the attorney's work product. Such information is protected in that it constitutes the mental impressions, conclusions, opinions or legal theories of Plaintiff's attorney. Further, it seeks to request information obtained in the course of an investigation, or requests communications between agents and parties and in anticipation of litigation. Further, it invades into the attorney's trial strategy, which violates work product. Without waiving this objection and in the abundance of caution, the Plaintiff submits the following:

Plaintiff's investigation is ongoing and it is likely that plaintiff will ascertain additional details relevant to this request during discovery. However, Plaintiff reserves the right to supplement and/or amend this request at a later time. In the abundance of caution, plaintiff submits the following:

Attached. (Fleury-000070-000074); (Fleury-000065-000066); (Fleury-000086-000090)

17. Produce all documents relating to your allegation, in Paragraph 62 of the Complaint, that "Sodexo's conduct, [as set for in the Complaint, was] reckless, extreme and outrageous, beyond all possible bounds of human decency, and utterly intolerable in a legal and civilized society and work environment."

**Response to RFP #17:**

Plaintiff objects to this interrogatory to the extent that it invades the attorney's work product. Such information is protected in that it constitutes the mental impressions, conclusions, opinions or legal theories of Plaintiff's attorney. Further, it seeks to request information obtained in the course of an investigation, or requests communications between agents and parties and in anticipation of litigation. Further, it invades into the attorney's trial strategy, which violates work product. Without waiving this objection and in the abundance of caution, the Plaintiff submits the following:

Plaintiff's investigation is ongoing and it is likely that plaintiff will ascertain additional details relevant to this request during discovery. However, Plaintiff reserves the right to supplement and/or amend this request at a later time. In the abundance of caution, plaintiff submits the following:

Attached. (Fleury-000070-000074); (Fleury-000065-000066); (Fleury-000086-000090)

18. Produce all communications between you and any employee, former employee or representative of Defendant.

**Response to RFP #18:**

Plaintiff objects to this interrogatory to the extent that it invades the attorney's work product. Such information is protected in that it constitutes the mental impressions, conclusions, opinions or legal theories of Plaintiff's attorney. Further, it seeks to request information obtained in the course of an investigation, or requests communications between agents and parties and in anticipation of litigation Further, it invades into the attorney's trial strategy, which violates work product. Without waiving this objection and in the abundance of caution, the Plaintiff submits the following:

Plaintiff's investigation is ongoing and it is likely that plaintiff will ascertain additional details relevant to this request during discovery. However, Plaintiff reserves the right to supplement and/or amend this request at a later time. In the abundance of caution, plaintiff submits the following:

Attached. (Fleury-000070-000074)

19. Produce all statements (draft or final, signed or unsigned) received by you from any person relating to any matter alleged in the Complaint.

**Response to RFP #19:**

Plaintiff objects to this interrogatory to the extent that it invades the attorney's work product. Such information is protected in that it constitutes the mental impressions, conclusions, opinions or legal theories of Plaintiff's attorney. Further, it seeks to request information obtained in the course of an investigation, or requests communications between agents and parties and in anticipation of litigation. Further, it invades into the attorney's trial strategy, which violates work product.

20. Produce all tape recordings of conversations between you and any employee, former employee or representative of Sodexo.

**Response to RFP #20:**

Plaintiff objects to this interrogatory to the extent that it invades the attorney's work product. Such information is protected in that it constitutes the mental impressions, conclusions, opinions or legal theories of Plaintiff's attorney. Further, it seeks to request information obtained in the course of an investigation, or requests communications between agents and parties and in anticipation of litigation. Further, it invades into the attorney's trial strategy, which violates work product. Further, this request is vague, ambiguous, and unduly burdensome.

21. Produce all documents containing or relating to any complaint, charge, or report you made before or after your employment with Sodexo ended regarding any aspect of your employment, including, but not be limited to, any complaint, charge, or report made to Sodexo, and/or any local, state, or federal agency.

**Response to RFP #21:**

Plaintiff's investigation is ongoing and it is likely that plaintiff will ascertain additional details relevant to this request during discovery. However, Plaintiff reserves the right to supplement and/or amend this request at a later time. In the abundance of caution, plaintiff submits the following:

Attached. (Fleury-000065-000066); (Fleury-000059-000061); (Fleury-000075-000085)

22. Produce all documents or communications you sent to or received from the EEOC or any other administrative agency, whether by letter, email, or any other mode of communication, regarding any aspect of any complaint, charge or report you made regarding any aspect of your employment at Sodexo.

**Response to RFP #22:**

Objection. Plaintiff objects to this request to in that it seeks investigative privilege. The information was obtained after there was good cause to believe suit would be filed, and as such, the information concerns investigation in anticipation of litigation and enjoys privilege. Further, it seeks information obtained in the course of an investigation, or requests communications between agents and parties. Moreover, the information requested can equally be sought by the Defendant from third party. Further, it invades into the attorney's trial strategy, which violates work product. Without waiving this objection and to the extent is not requesting privileged information, in the abundance of caution, the Plaintiff submits the following:

Plaintiff's investigation is ongoing and it is likely that plaintiff will ascertain additional details relevant to this request during discovery. However, Plaintiff reserves the right to supplement and/or amend this request at a later time. In the abundance of caution, plaintiff submits the following:

Attached. (Fleury-000065-000066)

23. Produce all documents relating to legal expenses (including, but not limited to, attorneys' fees and costs, filing fees, and expert witness costs) incurred by you relating to the Complaint and the allegations that are the subject matter of this litigation.

**Response to RFP #23:**

**Objection.** Plaintiff objects to the extent that this request inquires into matters protected from disclosure by attorney-client privilege. Further, this request is premature in calling for a contention on the part of the Plaintiff when discovery has not been substantially completed to enable the Plaintiff to adequately respond. Further, the Defendant can obtain court costs from third party. Without waiving this objection and to the extent is not requesting privileged information, in the abundance of caution, the Plaintiff submits the following:

Plaintiff's investigation is ongoing and it is likely that plaintiff will ascertain additional details relevant to this requests during discovery. However, Plaintiff reserves the right to supplement and/or amend this interrogatory at a later time.

Attached. Client paid filing costs which can be verified on the electronic filing system. Other fees/costs are prospective.

24. Produce all fee agreements with your attorney relating to this lawsuit.

**Response to RFP #24:**

Objection. Plaintiff objects to this request in that it inquires into matters protected from disclosure by attorney-client privilege.

25. Produce all documents relating to any damages you claim, including damages for emotional distress, past and future pecuniary losses, and out-of-pocket expenses, including but not limited to documents relating to: (a) the type of damages alleged (e.g., emotional distress, etc.); (b) the exact amount of the damage you claim; and (c) the basis on which you have computed the damage.

**Response to RFP #25:**

Objection. This request is premature in calling for a contention on the part of the Plaintiff when discovery has not been substantially completed to enable the Plaintiff to adequately respond. Without waiving this objection and in the abundance of caution, the Plaintiff submits:

Plaintiff's investigation is ongoing and it is likely that plaintiff will ascertain additional details relevant to this request during discovery. However, Plaintiff reserves the right to supplement and/or amend this request at a later time. In the abundance of caution, plaintiff submits the following:

Attached. (Fleury-000026-000030); (Fleury-000055)

26. Produce all the federal and state income tax returns, and all schedules and W-2 forms thereto, filed by you or on your behalf for the tax years 2017 to present.

**Response to RFP #26:**

Objection. Plaintiff is unable to comply with this request because the items sought are not in the Plaintiff's actual or constructive possession, custody, or control. Plaintiff does not have W-2s for 2017 and 2018. Without waive this objection and in the abundance of caution, the Plaintiff submits as follows:

Plaintiff's investigation is ongoing and it is likely that plaintiff will ascertain additional details relevant to this request during discovery. However, Plaintiff reserves the right to supplement and/or amend this request at a later time. In the abundance of caution, plaintiff submits the following:

Attached. Please see signed IRS authorization; (Fleury-000018-000023)

27. If you are presently employed, produce your most recent paycheck stub from your current employer(s).

**Response to RFP #27:**

Plaintiff's investigation is ongoing and it is likely that plaintiff will ascertain additional details relevant to this request during discovery. However, Plaintiff reserves the right to supplement and/or amend this request at a later time. In the abundance of caution, plaintiff submits the following:

Attached. (Fleury-000024)

28. Produce all documents relating to any claim made by you for workers' compensation, unemployment, disability, social security or any form of public assistance in the past five years.

**Response to RFP #28:**

Objection. Plaintiff is unable to fully comply with this request because the items sought are not in the Plaintiff's actual or constructive possession, custody, or control. Plaintiff does not have all of the documents relating claims described above for the past five years. Further, Plaintiff objects to the extent information is requested that is protected by privilege. Without waive this objection and in the abundance of caution, the Plaintiff submits as follows:

Plaintiff's investigation is ongoing and it is likely that plaintiff will ascertain additional details relevant to this request during discovery. However, Plaintiff reserves the right to supplement and/or amend this request at a later time. In the abundance of caution, plaintiff submits the following:

Attached. **See attached authorizations.**

29. Produce any and all documents relating to any salary, compensation, bonuses, or benefits that you have earned or received at any jobs or from any sources after your cessation of employment with Defendant.

**Response to RFP #29:**

Objection. Plaintiff is unable to fully comply with this request because the items sought are not in the Plaintiff's actual or constructive possession, custody, or control. Plaintiff does not have any and all documents related to any salary, compensation, bonuses, or benefits that she has earned or received since she was terminated from the Defendant. Without waive this objection and in the abundance of caution, the Plaintiff submits as follows:

Plaintiff's investigation is ongoing and it is likely that plaintiff will ascertain additional details relevant to this request during discovery. However, Plaintiff reserves the right to supplement and/or amend this request at a later time. In the abundance of caution, plaintiff submits the following:

Attached. Please see attached IRS authorization, (Fleury-000018-000024)

30. Produce any and all documents relating to any testing, counseling or treatment you have received, at any time in the past ten (10) years, from doctors, health care providers, mental health care providers, therapists, or any other person, provider or entity (including but not limited to hospitals or clinics) for any physical or mental injury, emotional distress, illness, disability or other condition.

**Response to RFP #30:**

Objection. In light of the Court's amended order on May 31, 2023, limiting the disclosure time frame to 2017-2022, Plaintiff will respond accordingly. However, without waiving these objections and in the abundance of caution:

Plaintiff's investigation is ongoing and it is likely that plaintiff will ascertain additional details relevant to this request during discovery. However, Plaintiff reserves the right to supplement and/or amend this request at a later time. In the abundance of caution, plaintiff submits the following:

Attached. See HIPPA Authorizations

31. Produce all documents relating to any efforts to obtain other work during or following the termination of your employment with Defendant, including but not limited to communications, correspondence, written materials, all versions of résumés, offer letters, advertisements for positions, and other documents you have provided to or received from any employer, potential employer, employment agency, search firms, or outplacement firms.

**Response to RFP #31:**

Objection. Plaintiff is unable to fully comply with this request because the items sought are not in the Plaintiff's actual or constructive possession, custody, or control. Plaintiff does not have all documents relating to any efforts to obtain other work during or following the termination of your employment with Defendant Without waive this objection and in the abundance of caution, the Plaintiff submits as follows:

Plaintiff's investigation is ongoing and it is likely that plaintiff will ascertain additional details relevant to this request during discovery. However, Plaintiff reserves the right to supplement and/or amend this request at a later time. In the abundance of caution, plaintiff submits the following:

Attached. (Fleury-000011-000017); (Fleury-000001-000010)

32. Produce all documents relating to any other civil or criminal legal action or administrative proceeding in which you are presently involved or previously have been involved as a defendant, petitioner, plaintiff, respondent or testifying witness.

**Response to RFP #32:**

Objection. Plaintiff is unable to comply with this request because the items sought are not in the Plaintiff's actual or constructive possession, custody, or control. Plaintiff does not have all documents relating to any other action or proceeding she is presenting involved. Further, the Defendant may obtain requested information from third party. Without waive this objection and in the abundance of caution, the Plaintiff submits as follows:

Plaintiff's investigation is ongoing and it is likely that plaintiff will ascertain additional details relevant to this request during discovery. However, Plaintiff reserves the right to supplement and/or amend this request at a later time. In the abundance of caution, plaintiff submits the following:

Not in my possession at this time.

33. Produce all documents relating to any bankruptcy proceeding you have ever filed.

**Response to RFP #33:**

Objection. Plaintiff objects to this request in that it would require the Plaintiff to create a document not in existence.

Plaintiff's investigation is ongoing and it is likely that plaintiff will ascertain additional details relevant to this request during discovery. However, Plaintiff reserves the right to supplement and/or amend this request at a later time. In the abundance of caution, plaintiff submits the following:

None at this time.

34. Produce signed authorization(s) attached for the release of: medical records, employment records, tax returns if we need to obtain them from the IRS, state unemployment

compensation records; workers' compensation records; and social security benefits documents from the Social Security Administration.

**Response to RFP #34:**

Objection. In light of the Court's amended order on May 31, 2023, limiting the disclosure time frame to 2017-2022, Plaintiff will respond accordingly. However, without waiving these objections and in the abundance of caution:

Plaintiff's investigation is ongoing and it is likely that plaintiff will ascertain additional details relevant to this request during discovery. However, Plaintiff reserves the right to supplement and/or amend this request at a later time. In the abundance of caution, plaintiff submits the following:

Attached.

*s/JP Gorham*
_____
JP Gorham (Bar # 31746)
JP Gorham Attorney At Law LLC
PO BOX 86928
Baton Rouge, LA 70879
225-341-5939 Office
504-957-3551 Direct
jgorham@gorhamlawfirm.com

**CERTIFICATE OF SERVICE**

I do hereby certify that on or before the 2nd day of June 2023, I served a copy of the foregoing discovery responses on counsel for Defendant to this proceeding by either facsimile transmission, electronic mail, and/or by mailing same by United States mail, properly addressed, and regular postage prepaid.

*s/J.P. Gorham*
_____
JP Gorham, Esq.

**From:** JP Gorham <jpgorham@gorhamlawfirm.com>
**Date:** June 2, 2023 at 9:03:32 PM EDT
**To:** "Ehret, Leslie W." <lehret@frilot.com>
**Subject: Re: Bionca Fleury v. Sodexo--Discovery Responses and Documents for Production**

Leslie-

I made objections and I stated reasons why they were being made.

More importantly, I still answered the discovery interrogatories and production despite making the objections.

I don't see the issue.

On Fri, Jun 2, 2023, 7:40 PM Ehret, Leslie W. <lehret@frilot.com> wrote:

> JP -
> You have multiple boilerplate objections regarding attorney/client privilege and/ or work product. I do not see a privilege log identifying any documents withheld under privilege. Was it included?
> Thanks, Leslie
>
> Leslie W. Ehret
> Frilot LLC
> 1100 Poydras Street
> Suite 3700
> New Orleans, LA 70163
> 504-599-8203 office
> 504-599-8263 fax
> 504-251-8628 cell

EXHIBIT
C

1