**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **BIONCA FLEURY** | * | **CIVIL ACTION NO.** |
| | * | **2 :21-cv-02373** |
| **VERSES** | * | |
| | * | **Judge Darrel J. Papillion** |
| **SODEXO, INC.** | * | |
| | * | **Mag. Judge Karen Wells Roby** |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM IN SUPPORT OF MOTION FOR**
**EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S DISCOVERY REQUESTS**

Defendant, Sodexo, Inc. ("Sodexo"), submits this memorandum in support of its motion requesting the Court issue an order granting it a twenty-one (21) day extension of time to respond to the seventy-two (72) requests for production of documents and twenty-eight (28) interrogatories Plaintiff served on Sodexo on July 27, 2023.  Sodexo's responses are currently due on August 28, 2023[1], and, for the reasons discussed below, Sodexo requests until September 18, 2023, to respond. Sodexo is reluctant to submit another discovery motion to this Court, as it is cognizant this Court has entertained several previous discovery motions. Unfortunately, Sodexo has no choice but to bring this motion because Plaintiff has not agreed to provide Sodexo *any* extension of time to respond to her voluminous discovery requests.

1. **Sodexo's Request for an Extension of Time to Respond to Plaintiff's Discovery Requests**

Discovery in this case has been open since mid-January, 2023.  Sodexo served discovery on Plaintiff after discovery opened in January 2023.  Plaintiff first responded in June 2023.  On July 27, 2023, Plaintiff served seventy-two (72) requests for production of documents and twenty-

---

[1] Thirty days from July 27, 2023, is August 26, 2023, which is a Saturday.

eight (28) interrogatories on Sodexo. (Exhibit "A"). Sodexo's responses to Plaintiff's discovery are currently due on August 28, 2023. The discovery cut-off is October 3, 2023.

So as to give Plaintiff's counsel plenty of time to respond, on August 3, 2023, counsel for Sodexo asked Plaintiff's counsel whether she would agree to a thirty (30) day extension for Sodexo to respond to Plaintiff's discovery requests. (Exhibit "B"). In addition to the obvious reason additional time is needed for Sodexo to respond to Plaintiff's voluminous 72 requests for production and 28 interrogatories, Sodexo's counsel explained that the Sodexo client representative who is playing the primary role in gathering information and documents responsive to Plaintiff's discovery requests will be unavailable for several weeks due to preparation for and a pre-scheduled trip to Africa. *See id*.

Plaintiff's counsel responded to Sodexo's request by stating Plaintiff would not agree to the requested thirty-day extension. (Exhibit "C"). Plaintiff stated her concern was that the requested extension would mean Sodexo's discovery responses would be due seven (7) days before the October 3, 2023, discovery deadline. Although this timing issue is obviously not a problem of Sodexo's making, given Plaintiff's counsel's concern, Sodexo's counsel responded by asking Plaintiff's counsel whether she would agree to *any* amount of extension of time for Sodexo to respond. (Exhibit "D"). Sodexo's counsel also reiterated its prior request to schedule a telephone "meet and confer" conference to discuss the requested extension.

Plaintiff's counsel responded by simply stating she was not available for a telephone conference until a few days after Plaintiff's deposition (scheduled for August 9), but she did not respond to the inquiry about whether Plaintiff would agree to *any* extension. To that correspondence, Sodexo's counsel responded by again requesting a very short meet and confer

2

telephone conference, even offering to conduct the conference after hours if necessary.[2] (Exhibit "E"). Receiving no response from Plaintiff, in a another attempt to resolve this matter without requiring the Court's intervention, including a prior request that Plaintiff identify *any* amount of extension to which she would agree, Sodexo wrote again to Plaintiff's counsel proposing a compromise: a twenty-one (21) instead of thirty (30) day extension of time for Sodexo to respond to Plaintiff's discovery requests. (Exhibit "F"). Sodexo has received no response regarding the suggested compromise, nor has Sodexo received a response to her request to set a telephonic conference to discuss.

Having suggested multiple times that it would entertain an extension shorter than thirty (30) days without any offer of compromise from Plaintiff, it appears clear there is no extension of time to which Plaintiff is amenable.  As such, and with a clear stance from Plaintiff on this issue, Sodexo brings this motion.

## 2.  Legal Standard

Fed. R. Civ. P. 26(c)(1)(B) states "[a]party or any person from whom discovery is sought may move for a protective order in the court where the action is pending," and "for good cause," the court may "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including … specifying terms, including time and place or the allocation of expenses, for the disclosure or discovery."  As the Court is aware, although a party by default has thirty days to respond to interrogatories and requests for production of documents, pursuant to Fed. R. Civ. P. 33(b)(2) and Fed. R. Civ. P. 34(b)(2)(A), a court may order a longer time for the party to respond.

---

[2] The urgency, of course, is that Sodexo must know sooner rather than later whether it will have an extension of time to respond to Plaintiff's discovery requests, so it can plan accordingly and ensure compliance with discovery rules.

### 3. Sodexo's Request for a Twenty-One-Day Extension to Respond to Plaintiff's Voluminous Discovery Requests is Reasonable

It would be entirely reasonable for Sodexo and its counsel to require additional time to respond to Plaintiff's seventy-two (72) requests for production of documents and twenty-eight (28) interrogatories even if the Sodexo representative primarily responsible for assisting in this discovery effort was not going to be unavailable during part of the normal time allotted to respond to this discovery. However, with this additional nuance, it is particularly important that Sodexo have additional time to respond to Plaintiff's discovery requests.

While Sodexo would normally request thirty (30) days, which it respectfully submits would be entirely reasonable, in an effort to compromise and mitigate Plaintiff's concern regarding the October 3, 2023 discovery deadline (which is obviously not caused by Sodexo), Plaintiff respectfully asks that the Court grant it a twenty-one (21) day extension to respond to Plaintiff's discovery such that responses would be due on September 18, 2023.

## CONCLUSION

For these reasons, Sodexo respectfully requests the Court enter an order granting it a twenty-one (21) day extension, until September 18, 2023, to respond to Plaintiff's discovery requests served on July 27, 2023.

Respectfully Submitted:


/s/ Leslie W. Ehret
Leslie W. Ehret (La. Bar No. 18494)
Benjamin M. Castoriano (La. Bar No. 31093)
lehret@frilot.com
bcastoriano@frilot.com
FRILOT, L.L.C.
1100 Poydras Street, Suite 3800
New Orleans, Louisiana 70163
Tel.: (504) 599-8203; Fax: (504) 599-8263

**Counsel for SDH Education East, LLC and Sodexo, Inc.**