UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BIONCA FLEURY** | **CIVIL ACTION** |
| **VERSUS** | **NO:  21-2373** |
| **SODEXO, INC.** | **SECTION: "P" (4)** |

## ORDER AND REASONS

Before the Court is Defendant's **Motion to Reconsider Award of Attorney's Fees Against Sodexo (R. Doc. 79)** requesting the Court reconsider its award of attorney's fees against Sodexo as set forth in its July 27, 2023, Order and Reasons (R. Doc. 78) denying Defendant's motion to compel (R. Doc. 58). Specifically, Sodexo argues that under Federal Rule of Civil Procedure 37(a)(5)(B), the award of fees to Plaintiff Bionca Fleury is "unsupported as [its] motion to compel was 'substantially justified' at the time it was filed." R. Doc. 79 at 1 (emphasis in original). Having considered the instant motion, the memoranda in support, the record, and application, Defendant's motion is **DENIED**.

### I. Background

This case arises out of an employment dispute between Plaintiff, Bionca Fleury, and Defendant, Sodexo. R. Doc. 1. Summarily, Bionca Fleury, a black woman, worked for Sodexo from September 5, 2017, until December 5, 2019. *Id.* She began as a receptionist and was later promoted to "unit clerical" in 2018. *Id.* On November 22, 2019, Fleury was suspended from her position pending investigation after her white co-worker, Sama Arthur (Arthur), complained to their employer that Fleury subjected her to demeaning language and inappropriate behavior. *Id.* After the investigation concluded, Fleury was terminated on December 5, 2019. *Id.*

1

The discovery matters in this litigation have a long history. Sodexo formally served its discovery requests to Fleury on January 17, 2023. R. Doc. 58-2. The Court granted Sodexo's first motion to compel (R. Doc. 29) and ordered that all of Fleury's non-privileged objections were waived. R. Doc. 42. Following a June 7 status conference, the Court ordered Fleury to provide supplemental discovery responses to Sodexo no later than June 16, 2023. R. Doc. 45.

Fleury served responses on June 16, 2023. R. Doc. 58-5. Sodexo found deficiencies with her responses, in particular to RPFs Nos. 18, 19, and 22, and called a Rule 37(a) conference on June 26, 2023. R. Doc. 58-2 at 3. Sodexo requested that Fleury "search her email account, including her sent emails, deleted/trash emails folder, spam folder, etc.) for all communications between plaintiff and any employee or representative of the EEOC." R. Doc. 58-2 at 2. Further, Sodexo requested that Fleury search for terms "Equal Employment Opportunity Commission" and "EEOC" as well for emails to and from "mailto:noreply@eeoc.gov" and "noreply@eeoc.gov." *Id.*

After counsel for Fleury told Sodexo that she conducted a "preliminary search" of her emails related to the requested documents (*see* R. Doc. 58-10; 64-2), Sodexo filed a second motion to compel. R. Doc. 58. Sodexo asserted that Fleury failed to fully respond to RPFs Nos. 18, 19, and 22. *Id.* The Court ordered the parties to provide supplemental briefing identifying the material Fleury produced that was responsive to the RFPs in dispute. R. Docs. 71, 74, and 75. The Court reviewed the documents and found that Fleury "did conduct a good faith search and produced documents responsive to Sodexo's requests." R. Doc. 78 at 3 (citing R. Doc. 74). As such, the Court denied Sodexo's motion to compel and awarded fees to Fleury. *Id.* at 5-6.

At this time, Sodexo requests the Court to reconsider its award of fees. Under Federal Rule of Civil Procedure 37(a)(5)(B), Sodexo claims the award of fees to Plaintiff Bionca Fleury is "unsupported as [its] motion to compel was 'substantially justified' at the time it was filed." R.

Doc. 79. Sodexo asserts that substantial justification exists because "Plaintiff's counsel 'declined to explain to Sodexo <u>before</u> it filed its motion how [Fleury] had conducted an adequate search. <u>Only after Sodexo filed its motion did Plaintiff do so, and then only in the context of opposing the motion</u>." R. Doc. 79 at 2 (emphasis in original); *see also id.* at 3; *id.* at 4; *id.* at 5.

## II. Standard of Review

Federal Rule of Civil Procedure 54(b) provides that an "order . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a [final] judgment . . . ." FED. R. CIV. P. 54(b). As Rule 54 recognizes, a district court "possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *Castrillo v. Am. Home Mortg. Servicing, Inc.*, No. 09-4369 R, 2010 WL 1424398, at *3 (E.D. La. Apr. 5, 2010) (quoting *Melancon v. Texaco, Inc.*, 659 F.2d 551, 553 (5th Cir. 1981)). Though the Fifth Circuit has recognized the broad discretion of district courts in this regard, reconsideration is "exercised sparingly to forestall the 'perpetual reexamination' of orders and the resulting burdens and delays." *Id.* at *3 (citing 18B CHARLES ALLEN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 4478.1 (3d. ed. 2023).

The general practice of this Court has been to evaluate motions to reconsider interlocutory orders under the same standards that govern Rule 59(e) motions to alter or amend a final judgment. *Id.* at *4. The inquiry, therefore, is whether the moving party has "clearly establish[ed] either a manifest error of law or fact [or] present[ed] newly discovered evidence." *Id.* (quoting *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005)). Such a motion is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of [the order]." *Id.* (quoting *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004)).

In deciding motions under Rule 59(e), courts in this district have considered four factors: (1) whether the movant demonstrates the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; (2) whether the movant presents new evidence; (3) whether the motion is necessary in order to prevent manifest injustice; and (4) whether the motion is justified by an intervening change in the controlling law. When there exists no independent reason for reconsideration other than mere disagreement with a prior order, reconsideration is a waste of judicial time and resources and should not be granted. *Collins v. Benton*, No. 18-7465, 2021 WL 5283966, at *5 (E.D. La. Nov. 12, 2021), aff'd sub nom. *Collins v. Ingle*, No. 22-30153, 2023 WL 4046279 (5th Cir. June 16, 2023).

### III. Analysis

As an initial matter, Defendants rely on the incorrect standard of review for reconsideration. While Rule 37(a)(5)(C) bars the award of attorney's fees if a motion to compel was substantially justified, the Advisory Committee Notes indicate that "the rules should deter the abuse implicit in carrying or forcing a discovery dispute to court when no genuine dispute exists."[1] Rule 37(a) "does not significantly narrow the discretion of the court, but rather presses the court to address itself to abusive practices."[2] Despite Defendant's assertion, Rule 37(a) does not provide a standard for a court to reconsider its award of attorney's fees.

Here, Sodexo has failed to establish that its motion to compel was substantially justified such that the Court's Order awarding fees to Fleury was a manifest error of law. Sodexo filed its motion to compel under Rule 37 of the Federal Rule of Civil Procedure. Rule 37 permits a party to compel the production of a document if the "party fails to produce documents . . . as requested under Rule 34." FED. R. CIV. P. 37(a)(3)(B)(iv). Rule 34 facilitates a party's request for

---

[1] FED. R. CIV. P. 37 advisory committee's note to 1970 amendment (subdivision (a)(4)).
[2] *Id.*

4

documents, electronically stored information, and other tangible things from another party.  FED. R. CIV. P. 34(a).  In particular, Rule 34 indicates that the contents of request for production "must describe with reasonable particularity each item or category of items to be inspected; must specify a reasonable time, place, and manner for the inspection and for performing the related acts; and may specify the form or forms in which electronically stored information is to be produced."  FED. R. CIV. P. 34(b)(1).

The RFPs at issue in Sodexo's motion to compel included the following instructions:

> 18. Produce all communications between you and any employee, former employee or representative of Defendant.
> 19. Produce all statements (draft or final, signed or unsigned) received by you from any person relating to any matter alleged in the Complaint.
> 22. Produce all documents or communications you sent to or received from the EEOC or any other administrative agency, whether by letter, email, or any other mode of communication, regarding any aspect of any complaint, charge or report you made regarding any aspect of your employment at Sodexo.

R. Doc. 58-4 at 6.  Sodexo asserts that its additional requests made during the Rule 37 conference are eligible for a motion to compel.  However, Rule 37 is clear: it permits a party to compel production if the "party fails to produce documents . . . as requested under Rule 34."  The Court has already determined that the materials Fleury provided were responsive to Sodexo's Rule 34 requests.  *See* R. Doc. 78 at 3-4.  The Court found that Fleury conducted a good faith search and produced seven out of the eleven documents reflected in the EEOC log responsive to Sodexo's requests.  *Id.*   Moreover, at no point prior to the June 16, 2023, conference, did Sodexo articulate what "exactly amounts to a 'diligent' search."  R. 78 at 4.

While Sodexo argues that Fleury's post-hoc explanation of the nature of her search was important to the Court, Sodexo fails to realize that it could have incorporated its Rule 37(a) requests much earlier than June 16, 2023.  Indeed, Sodexo could have included

precise discovery instructions, as permitted by Rule 34, when it formally served Fleury with discovery on January 17, 2023. In sum, Sodexo's post-hoc explanation on a motion to reconsider without an independent reason other than mere disagreement with a prior order "is a waste of judicial time and resources." *Collins v. Benton*, No. 18-7465, 2021 WL 5283966, at *5.

Accordingly,

**IT IS ORDERED** that the Defendant's Motion for Reconsideration (R. Doc. 79) is **DENIED**.

New Orleans, Louisiana, this 5<u>th</u> day of September 2023.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**